■ CARLA REALTY Co., Appellant, v COUNTY OF ROCKLAND, Respondent. [635 NYS2d 67] —In an action, *inter alia,* to reform a deed and for injunctive relief, the plaintiff appeals from an order of the Supreme Court, Rockland County (Meehan, J.), dated June 6, 1994, which denied its motion for a preliminary injunction and granted the defendant's cross motion to dismiss the complaint pursuant to CPLR 3212. The appeal brings up for review so much of an order of the same court, dated January 3, 1995, as, upon renewal and reargument, adhered to the original determination *(see,* CPLR 5517 [b]).

Ordered that the appeal from the order dated June 6, 1994, is dismissed as that order was superseded by the order dated January 3, 1995, made upon renewal and reargument; and it is further,

Ordered that the order dated January 3, 1995, is reversed insofar as reviewed, the order dated June 6, 1994, is vacated, and, upon searching the record, summary judgment is granted in the plaintiff's favor; and it is further,

Ordered that the plaintiff is awarded one bill of costs.

In October 1991, the plaintiff entered into a contract with Torsk, Inc. (hereinafter Torsk), for the sale by the plaintiff to Torsk of certain real property located in Rockland County. A rider attached to the contract of sale provided for an easement which reserved to the plaintiff access to the easterly portion of the property not sold by the plaintiff. On February 26, 1993, Torsk, assigned its interest in the contract of sale to Pomona Fields, Inc. (hereinafter Pomona), which, simultaneously, directed the plaintiff to issue its deed directly to the defendant County of Rockland. On that same day, the plaintiff delivered a bargain and sale deed of the subject property to the defendant. The description in the deed failed to reserve the plaintiff's easement as set forth in the contract of sale. Thereafter, the plaintiff was informed by the defendant that its use of the ingress and egress to the retained portion of the property was being terminated.

The plaintiff commenced this action to reform the deed so as to include the easement and to enjoin the defendant from interfering with its use of the easement. The court dismissed the complaint upon the defendant's motion, having converted

the latter's pre-answer motion into one for summary judgment. The court found that the plaintiff was not entitled to reformation of the deed as it had failed to establish a mutual mistake or fraud on the part of the defendant. The Supreme Court then adhered to its prior determination upon renewal and reargument.

We reverse. The deed should be reformed to reflect the clear intention of the original contracting parties to reserve the easement. The evidence in the record supports the conclusion that the defendant was an assignee and, as such, was subject to all equities and burdens which attached to the property interest assigned, because it received no more than its assignor (see, Matter of International Ribbon Mills v Arjan Ribbons, 36 NY2d 121, 126; see also, State Bank of India v Heller & Co., 655 F Supp 326). Since Torsk and the plaintiff clearly intended for the easement to be reserved, and the defendant stands in the shoes of its assignor Pomona, there was a mutual mistake in omitting the easement language from the deed and it should be reformed (see, Pahl Equip. Corp. v Kassis, 182 AD2d 22). Thompson, J. P., Ritter, Joy and Florio, JJ., concur.