■ ABN AMRO Mortgage Group, Inc., Appellant, v Rafael Pantoja et al., Defendants, and Ana Iris Salazar et al., Respondents. [936 NYS2d 163]—

The subject premises were conveyed by nonparty The Rapsil Corporation to defendant Rafael Pantoja by deed dated July 27, 2001 and recorded on October 5, 2001. On the day of the conveyance, Pantoja delivered to plaintiff a note and mortgage in the principal amount of $274,900. Plaintiff's mortgage was also recorded on October 5, 2001. Part of the proceeds of the loan were used to satisfy a mortgage that was held by Chase Mortgage Company (CMC) in the principal sum of $147,250. The CMC mortgage was recorded in 1998.

Before plaintiff's mortgage and the Rapsil-Pantoja deed were recorded, Rapsil deeded the premises again, this time to defendant First Home Properties LLC. On September 21, 2001, First Home deeded the premises to the individual defendants. On the same day, the individual defendants delivered a mortgage to defendant Mortgage Electronic Registration Systems, Inc. (MERS), as nominee of defendant Saxon Equity Mortgage Bankers, Ltd. As noted above, plaintiff's mortgage was recorded on October 5, 2001. The individual defendants' deed and the MERS mortgage were not recorded until February 13, 2002.

By operation of Real Property Law § 291, in order to cut off a prior lien, such as a mortgage, a purchaser must have no knowledge of the outstanding lien *and* win the race to the recording office (*see Goldstein v Gold*, 106 AD2d 100, 101-102 [1984], *affd* 66 NY2d 624 [1985]). Accordingly, plaintiff's mortgage has priority over the MERS mortgage and the individual defendants' deed because it was recorded earlier than both.

Plaintiff is also equitably subrogated to the rights of CMC in the sum of $178,434.89, the amount of the proceeds of plaintiff's

mortgage which was used to satisfy CMC's mortgage. As held by the Court of Appeals, "Where property of one person is used in discharging an obligation owed by another or a lien upon the property of another, under such circumstances that the other would be unjustly enriched by the retention of the benefit thus conferred, the former is entitled to be subrogated to the position of the obligee or lien-holder" (*King v Pelkofski*, 20 NY2d 326, 333 [1967] [internal quotation marks and citation omitted]). It does not avail defendants to assert that they were unaware of the CMC mortgage, because purchasers of real property are presumed to have knowledge of information contained in duly recorded instruments affecting the real property (*see HSBC Mtge. Servs., Inc. v Alphonso*, 58 AD3d 598, 599-600 [2009]). Concur—Saxe, J.P., Sweeny, Acosta, DeGrasse and Abdus-Salaam, JJ.