■ 5000, INC., Appellant-Respondent, v HUDSON ONE, INC., et al., Respondents-Appellants, et al., Defendant. [13 NYS3d 509]—

In an action, inter alia, pursuant to RPAPL 871 for an injunction restraining the defendants from trespassing and occupying real property allegedly owned by the plaintiff and directing the defendants to remove certain encroachments, (a) the plaintiff appeals from (1) so much of an order of the Supreme Court, Rockland County (Berliner, J.), dated January 2, 2014, as granted that branch of the motion of the defendants Hudson One, Inc., and Florence One, Inc., which was for summary judgment dismissing the amended complaint insofar as asserted against them, and (2) an order of the same court dated June 3, 2014, which denied its motion for leave to renew or reargue its opposition to that branch of the motion of the defendants Hudson One, Inc., and Florence One, Inc., which was for summary judgment dismissing the amended complaint insofar as asserted against them, and (b) the defendants Hudson One, Inc., and Florence One, Inc., cross-appeal, as limited by their brief, from so much of the order dated January 2, 2014, as denied those branches of their motion which were for summary judgment on their counterclaim declaring that the defendant Florence One, Inc., is the owner of a certain portion of a certain private street and pursuant to 22 NYCRR 130-1.1 to impose a sanction against the plaintiff and its attorney.

Ordered that the appeal from so much of the order dated June 3, 2014, as denied that branch of the plaintiff's motion which was for leave to reargue is dismissed, as no appeal lies from an order denying reargument; and it is further,

Ordered that the appeal from so much of the order dated June 3, 2014, as denied that branch of the plaintiff's motion which was for leave to renew is dismissed as academic in light of our determination of the appeal from the order dated January 2, 2014; and it is further,

Ordered that the order dated January 2, 2014, is reversed

insofar as appealed from, on the law, and that branch of the motion of the defendants Hudson One, Inc., and Florence One, Inc., which was for summary judgment dismissing the amended complaint insofar as asserted against them is denied; and it is further,

Ordered that the order dated January 2, 2014, is affirmed insofar as cross-appealed from; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

The defendants Hudson One, Inc., and Florence One, Inc. (hereinafter together the Hudson defendants), moved, among other things, for summary judgment dismissing the amended complaint insofar as asserted against them. They contended, inter alia, that a lot allegedly owned by the plaintiff, which abuts a private street known as Florence Street that is the subject of this dispute (*see 5000, Inc. v Hudson One, Inc.*, 130 AD3d 676 [2015] [decided herewith]), had been conveyed by the plaintiff to a nonparty prior to the commencement of this action. The Hudson defendants established their prima facie entitlement to judgment as a matter of law on this ground by proffering an executed deed, found in the records of the plaintiff's attorney, which purported to convey the lot from the plaintiff to a nonparty corporate entity prior to the commencement of this action. In opposition, however, the plaintiff raised a triable issue of fact as to its ownership of the lot and as to the validity of the alleged conveyance to the nonparty by submitting a transcript of the deposition testimony of the plaintiff's president, who testified that she did not remember ever seeing the unrecorded deed and that the named nonparty grantee was a contemplated corporate entity which had never been formed (*see Matter of Hausman*, 13 NY3d 408 [2009]; *Diallo v Grand Bay Assoc. Enters., Inc.*, 85 AD3d 628 [2011]). Moreover, the plaintiff submitted an affirmation from its attorney stating that, although he had prepared the subject deed purporting to convey the lot to the nonparty grantee, the conveyance was never completed. Therefore, the plaintiff demonstrated the existence of a triable issue of fact as to its ownership of the lot at the time this action was commenced (*see M&T Real Estate Trust v Doyle*, 20 NY3d 563, 568 [2013]). The Hudson defendants' remaining contentions with respect to that branch of their motion which was for summary judgment dismissing the amended complaint insofar as asserted against them are without merit. Accordingly, the Supreme Court should have denied that branch of their motion.

With respect to that branch of the Hudson defendants' motion which was for summary judgment on their counterclaim

declaring that the defendant Florence One, Inc., is the owner of the disputed, eastern portion of Florence Street, the Hudson defendants failed to establish, prima facie, that the plaintiff did not own the eastern portion of the street and that, instead, the defendant Florence One, Inc., owned that portion of the street. Accordingly, the Supreme Court properly denied that branch of their motion (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]; *Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]).

The Hudson defendants failed to establish that the commencement of this action and the subsequent conduct of the plaintiff and its attorney in this litigation were frivolous within the meaning of 22 NYCRR 130-1.1. Therefore, the Supreme Court providently exercised its discretion in denying that branch of the Hudson defendants' motion which was to impose a sanction against the plaintiff and its attorney (*see Muro-Light v Farley*, 95 AD3d 846 [2012]). Mastro, J.P., Skelos, Dickerson and LaSalle, JJ., concur.