■ 5000, INC., Respondent-Appellant, v HUDSON ONE, INC., Appellant-Respondent. [13 NYS3d 507]—

In an action, inter alia, pursuant to RPAPL 871 for an injunction restraining the defendant from trespassing and occupying real property allegedly owned by the plaintiff and directing the defendant to remove certain encroachments, the defendant appeals from so much of an order of the Supreme Court, Rockland County (Berliner, J.), dated July 10, 2012, as denied that branch of its motion which was for summary judgment dismissing so much of the complaint as was based upon the plaintiff's alleged ownership of a certain portion of a certain private street and granted that branch of the plaintiff's cross motion which was for leave to amend the complaint, and the plaintiff cross-appeals from so much of the same order as denied that branch of its cross motion which was for summary judgment determining that it owns the subject portion of the private street and granted that branch of the defendant's motion which was for leave to amend its answer.

Ordered that the order is affirmed, without costs or disbursements.

The plaintiff and the defendant are owners of separate lots in the Village of Nyack. The lots are separated by a 50-foot-wide private street known as Florence Street. Florence Street runs in a northerly to southerly direction, with the eastern boundary of the street abutting the defendant's lot and the

western boundary of the street abutting the plaintiff's lot. The plaintiff commenced this action alleging that it owned all of Florence Street. It seeks, among other things, an injunction directing the defendant to remove certain alleged encroachments on Florence Street.

The defendant established its prima facie entitlement to judgment as a matter of law dismissing so much of the complaint as was based upon the plaintiff's alleged ownership of the eastern half of Florence Street (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]; *Skyview Motel, LLC v Wald*, 82 AD3d 1081 [2011]). The defendant submitted the deeds in the plaintiff's chain of title, together with the affidavit of the president and legal counsel of a title insurer, who averred that, based upon his assessment of the deeds in the plaintiff's chain of title, the plaintiff did not own the eastern half of Florence Street. In opposition, however, the plaintiff demonstrated the existence of triable issues of fact, inter alia, as to whether there was an error in one deed in the chain of title by submitting the mortgage documents executed together with that deed, which documents described the property in terms differing from the related deed (*see Carla Realty Co. v County of Rockland*, 222 AD2d 480 [1995]). Therefore, the Supreme Court properly denied that branch of the defendant's motion which was for summary judgment dismissing so much of the complaint as was based upon the plaintiff's alleged ownership of the eastern half of Florence Street. For the same reasons, the plaintiff failed to establish its prima facie entitlement to judgment as a matter of law determining that it owns the eastern half of Florence Street. Accordingly, the Supreme Court properly denied that branch of the plaintiff's cross motion which was for summary judgment on that issue, regardless of the sufficiency of the opposing papers (*see Alvarez v Prospect Hosp.*, 68 NY2d at 324; *Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]).

Each party also moved to amend its respective pleading; the proposed amended complaint named two additional defendants and asserted additional causes of action. Pursuant to CPLR 3025 (b), leave to amend a pleading should be freely given, provided that the amendment is not palpably insufficient, does not prejudice or surprise the opposing party, and is not patently devoid of merit. Since the defendant failed to establish that the causes of action alleged in the plaintiff's proposed amended complaint were palpably insufficient or patently devoid of merit, and was not prejudiced or surprised thereby, there is no reason to disturb the Supreme Court's determination granting

that branch of the plaintiff's cross motion which was for leave to amend the complaint (see *Carroll v Motola*, 109 AD3d 629 [2013]; *Finkelstein v Lincoln Natl. Corp.*, 107 AD3d 759 [2013]). Similarly, the Supreme Court properly granted that branch of the defendant's motion which was for leave to amend its answer (see *Blue Diamond Fuel Oil Corp. v Lev Mgt. Corp.*, 103 AD3d 675 [2013]). Mastro, J.P., Skelos, Dickerson and LaSalle, JJ., concur.