■ Ana Iris Salazar et al., Respondents, v Rafael Pantoja, Appellant, and CitiMortgage, Inc., Successor by Merger to ABN AMRO Mortgage Group, Inc., Respondent. [29 NYS3d 249]—

Order, Supreme Court, Bronx County (Kenneth L. Thompson Jr., J.), entered on or about October 22, 2014, which granted plaintiffs' motion for a preliminary injunction enjoining defendant Pantoja from evicting plaintiffs or in anyway dispossessing them of any ownership or residential interest in the subject property, and order, same court and Justice, entered on or about July 8, 2015, which, to the extent appealed from as limited by the briefs, granted plaintiffs' motion for summary judgment against defendant Pantoja and declared that the deed conveying the property from nonparty Rapsil Corporation to Pantoja is void as against all subsequent purchasers, unanimously affirmed, with costs.

The deed at issue was signed by "the Rapsil Corporation" and not an individual on behalf of the corporation, and no officer, director or attorney of the corporation acknowledged the deed. Accordingly, the motion court correctly concluded that the deed is void as against all subsequent purchasers (*see* Real Property Law §§ 291, 309 [1], [3]; 309-a [1]; *Matisoff v Dobi*, 90 NY2d 127, 134 [1997]).

The doctrines of collateral estoppel and res judicata do not bar plaintiffs' challenge to the conveyance of the deed from the

Rapsil Corporation to Pantoja, as that issue was never litigated or decided in the prior foreclosure action (*see Kaufman v Eli Lilly & Co.*, 65 NY2d 449, 455 [1985] [collateral estoppel]), nor did the conveyance involve the same transaction or series of transactions at issue in the foreclosure action (*O'Brien v City of Syracuse*, 54 NY2d 353, 357 [1981] [res judicata]). Concur—Mazzarelli, J.P., Friedman, Sweeny and Manzanet-Daniels, JJ.

---

Motion to enlarge record denied.