■ WHITE SANDS MOTEL HOLDING CORP., Respondent, v TRUSTEES OF FREEHOLDERS AND COMMONALTY OF TOWN OF EAST HAMPTON et al., Appellants. [37 NYS3d 583]—

In an action, inter alia, to quiet title pursuant to RPAPL article 15, the defendants separately appeal from an order of the Supreme Court, Suffolk County (Garguilo, J.), entered September 9, 2014, which denied their separate motions for summary judgment dismissing the complaint insofar as asserted against each of them.

Ordered that the order is affirmed, with costs.

This action involves the issue of the ownership and permis-

sible use of a portion of beachfront in the Town of East Hampton that is adjacent to or part of property owned by the plaintiff. In 2009, the plaintiff commenced this action pursuant to RPAPL article 15, inter alia, for a judgment declaring that it is the owner in fee simple absolute of the disputed area, located immediately landward of the mean high-water mark of the ocean, and that the defendants are not entitled to allow residents of the Town or nonresidents to use the beachfront area or vehicles on that part of the plaintiff's property. The plaintiff also seeks injunctive relief based on theories of nuisance and trespass. The Supreme Court denied the defendants' separate motions for summary judgment dismissing the complaint insofar as asserted against each of them. The defendants appeal.

The Supreme Court properly determined that the defendants failed to establish their prima facie entitlement to judgment as a matter of law dismissing the causes of action interposed pursuant to RPAPL article 15. In an action to quiet title pursuant to RPAPL article 15, the movant must establish, prima facie, that it holds title, or that the nonmovant's title claim is without merit (see 5000, Inc. v Hudson One, Inc., 130 AD3d 676 [2015]; Clochessy v Gagnon, 58 AD3d 1008, 1009-1010 [2009]). Here, the defendants failed to demonstrate, prima facie, that the plaintiff lacks title to the subject disputed area. In particular, the defendants failed to demonstrate, as a matter of law, that any of the conveyances comprising the plaintiff's chain of title were invalid, as there are triable issues of fact with respect to that issue. Accordingly, contrary to the defendants' contention, they were not entitled to summary judgment on the ground that the plaintiff did not own the disputed area (see Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]).

Moreover, the defendants failed to establish, prima facie, that they are legally permitted to allow individuals to use the disputed area by virtue of a certain reservation clause contained in one of the deeds allegedly comprising the plaintiff's chain of title. Contrary to the defendants' contentions, they failed to eliminate all triable issues of fact as to the scope of that reservation (see DiDonato v Dyckman, 76 AD3d 610, 611 [2010]; cf. Henricksen v Trails End Co., 303 AD2d 458 [2003]). Since the defendants did not establish that the reservation clause encompasses the uses now made of the property by the Town, the defendants were not entitled to summary judgment on that ground (see Alvarez v Prospect Hosp., 68 NY2d at 324).

The Supreme Court properly determined that the defendants

failed to establish that the action is untimely. The quiet-title causes of action were not shown to be untimely commenced (*see* CPLR 212 [a]). Contrary to the defendants' contention, the quiet-title causes of action do not constitute a cause of action based on an "inverse condemnation" theory (*see City of Buffalo v Clement Co.*, 28 NY2d 241, 255 [1971]; *Katz v Village of Southampton*, 244 AD2d 461, 463 [1997]). Therefore, the limitations period for inverse condemnation claims is inapplicable. The nuisance and trespass causes of action are based on ongoing and continuing acts, namely, the continuing use of the subject beach by motorists as authorized by the Town. The constitutional cause of action is similarly based. The defendants failed to demonstrate that those causes of action were untimely interposed (*see Bloomingdales, Inc. v New York City Tr. Auth.*, 13 NY3d 61, 66 [2009]; *Wright v Sokoloff*, 110 AD3d 989, 990 [2013]; *Lucchesi v Perfetto*, 72 AD3d 909, 912 [2010]; *see also Summit at Pomona, Ltd. v Village of Pomona*, 72 AD3d 797, 799 [2010]).

Finally, the Supreme Court correctly concluded that the defendants failed to demonstrate that the action is barred by the doctrine of laches. The "doctrine of laches has no application when plaintiffs allege a continuing wrong," as is alleged here (*Capruso v Village of Kings Point*, 23 NY3d 631, 642 [2014]; *see Matter of Burke v Sugarman*, 35 NY2d 39, 45 [1974]). Dillon, J.P., Sgroi, Miller and Barros, JJ., concur.

Motion by the respondent to strike the appellants' joint reply brief on the ground, inter alia, that it refers to matter dehors the record. By decision and order on motion of this Court dated September 18, 2015, the motion was held in abeyance and referred to the panel of Justices hearing the appeals for determination upon the argument or submission thereof.

Upon the papers filed in support of the motion and the papers filed in opposition thereto, and upon the argument of the appeals, it is

Ordered that the branch of the motion which is to strike point I of the appellants' joint reply brief on the ground, inter alia, that it improperly refers to matter dehors the record, is granted, that portion of the joint reply brief is deemed stricken and has not been considered on the appeal, and the motion is otherwise denied. Dillon, J.P., Sgroi, Miller and Barros, JJ., concur.