■ MARJORIE H. MAHAN 2008 TRUST, by CLAYTON MAHAN, Sole Trustee, Appellant, v REBECCA MAHAN et al., Defendants, and RALPH MAHAN, Respondent. [52 NYS3d 883]—

In an action pursuant to RPAPL article 15 to compel the determination of claims to real property, the plaintiff appeals, as limited by its notice of appeal and brief, from so much of an amended order of the Supreme Court, Suffolk County (Tarantino, Jr., J.), dated October 13, 2015, as granted the cross motion of the defendant Ralph Mahan for summary judgment dismissing the amended complaint insofar as asserted against him.

Ordered that the amended order is reversed insofar as appealed from, on the law, with costs, and the cross motion of the defendant Ralph Mahan for summary judgment dismissing the amended complaint insofar as asserted against him is denied.

The plaintiff, a trust by its sole trustee, commenced this ac-

tion against the defendant Ralph Mahan and others pursuant to RPAPL article 15. The amended complaint alleged that the action was one to quiet title to premises located in Setauket and to eject the current occupants from the premises. The amended complaint included allegations about claims or possible claims that the defendants had to the premises, and demanded relief including, inter alia, "that the Defendants and all persons claiming under them or under any of them be forever barred from all claim to an estate or interest in the property," and "that it be adjudged and finally determined that the Plaintiff is the lawful owner and is vested with an absolute and unencumbered title in fee."

Mahan cross-moved for summary judgment dismissing the amended complaint insofar as asserted against him. In support of his cross motion, he argued, and presented evidence tending to show, only that he had not lived in the premises subsequent to its transfer to the trust. In an amended order dated October 13, 2015, the Supreme Court, inter alia, granted the cross motion. The plaintiff appeals from so much of the amended order as granted the cross motion.

"In an action to quiet title pursuant to RPAPL article 15, the movant must establish, prima facie, that it holds title, or that the nonmovant's title claim is without merit" (*White Sands Motel Holding Corp. v Trustees of Freeholders & Commonalty of Town of E. Hampton*, 142 AD3d 1073, 1074 [2016]). The proof that Mahan submitted in support of his cross motion, tending to show only that he had not lived in the premises subsequent to its transfer to the trust, was insufficient to establish his prima facie entitlement to judgment as a matter of law with respect to any title claim (*cf. id.* at 1074). Since Mahan failed to make a prima facie showing of his entitlement to judgment as a matter of law by tendering sufficient evidence to demonstrate the absence of any material issue of fact, he was not entitled to summary judgment dismissing the amended complaint insofar as asserted against him (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]), and we need not consider the sufficiency of the opposing papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]).

Accordingly, the Supreme Court should have denied Mahan's cross motion for summary judgment dismissing the amended complaint insofar as asserted against him. Leventhal, J.P., Hall, Hinds-Radix and Brathwaite Nelson, JJ., concur.