Matter of Black United Fund of N.Y., Inc. v Black United Fund of N.Y., Inc. (2018 NY Slip Op 08240)





Matter of Black United Fund of N.Y., Inc. v Black United Fund of N.Y., Inc.


2018 NY Slip Op 08240


Decided on December 4, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 4, 2018

Acosta, P.J., Renwick, Mazzarelli, Singh, JJ.


110537/05 7771 451498/15 7770

[*1]In re Black United Fund of New York, Inc., BUFNY Houses Associates, et al., Plaintiffs-Appellants,
v
Black United Fund of New York, Inc., et al., Defendants-Respondents.


Howard I. Horn, Garden City, for appellants.
Dentons US LLP, New York (Charles E. Dorkey III of counsel), for
Black United Fund of New York, Inc. and Robert Williams, respondents.
Herrick Feinstein, LLP, New York (Michelle M. Sekowski of counsel), for 2261-2273 ACP Residences, LLC, BUF Plaza, LLC and First American Title Insurance Company, respondent.
Fidelity National Group, New York (Michael C. Sferlazza of counsel), for Chicago Title Insurance Company, respondents.



Order, Supreme Court, New York County (Ronald A. Zweibel, J.), entered January 20, 2015, which denied plaintiffs' motion to modify a prior order approving a sale of real property by BUFNY Houses Associates (Houses) to defendant 2273 Realty, LLC, to declare that Houses had a 15% ownership interest in 2273 Realty and retained certain rights in the premises, or, in the alternative, to vacate the order and declare Houses the owner of the premises, unanimously affirmed, without costs. Order, same court and Justice, entered on or about October 31, 2016, to the extent it denied plaintiffs' motions for leave to renew the prior motion, granted defendants' motions to dismiss and for sanctions, and referred certain issues to a special referee for hearing and determination, unanimously affirmed, without costs, and the appeal therefrom otherwise dismissed, without costs, as taken from a nonappealable order.
Plaintiffs argue that a subsequent purchaser of the real property at issue did not have a protected interest in that property because the purchaser had constructive knowledge of a prior, fraudulent transfer of the property arising from a discrepancy in the deed (see generally M.L.C. Constr., Inc. v Hui Ru Zhang, 162 AD3d 410, 410 [1st Dept 2018]; ABN AMRO Mort. Group, Inc. v Pantoja, 91 AD3d 440, 441 [1st Dept 2012]; Real Property Law § 266). The alleged discrepancy in the prior deed did not give the purchaser constructive notice of plaintiffs' interest in the property.
On their motions to renew, plaintiffs failed to present the motion court with any new material facts as to the purchaser's protected status in the property (CPLR 2221[e]). Similarly, plaintiffs do not dispute the basis for the motion court's sanctions - that the 2014 action was brought to delay the resolution of 2005 litigation or to harass the purchaser - or the type of sanctions - no more than $5,000 in attorneys' fees for defending that action and a bar to bringing further actions or proceedings regarding the premises without prior leave of the court (22 NYCRR 130-1.1[a], [c][2]).
Plaintiffs' argument regarding aiding and abetting a breach of fiduciary duty is improperly raised for the first time on appeal.
Plaintiffs have not articulated any basis for us to interfere in the motion court's referral of certain issues.
No appeal lies from the denial of leave to reargue (Espinal v City of New York, 107 AD3d 411 [1st Dept 2013]).
We have considered plaintiffs' remaining arguments and find them without merit.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: DECEMBER 4, 2018
CLERK