A&Z Empire, Inc. v Shima (2019 NY Slip Op 02429)





A&Z Empire, Inc. v Shima


2019 NY Slip Op 02429


Decided on March 28, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 28, 2019

Renwick, J.P., Richter, Kapnick, Kahn, Oing, JJ.


8831 23844/16E

[*1]A & Z Empire, Inc., Plaintiff-Respondent,
v
Atia Shima, et al., Defendants-Appellants.


Viscardi, Basner & Bigelow, P.C., Richmond Hill (Luke J. Bigelow of counsel), for appellants.
Berkman, Henoch, Peterson, Peddy & Fenchel, P.C., Garden City (Evelyn P. Flores of counsel), for respondent.



Order, Supreme Court, Bronx County (Mary Ann Brigantti, J.), entered December 14, 2017, which, inter alia, upon reargument, granted plaintiff's motion for summary judgment, unanimously modified, on the law, solely to declare that plaintiff is the sole fee owner of the subject property located at 1924B, 1926, and 1928 McGraw Avenue, Bronx, New York, that defendants have no ownership interest in the property, and that a March 4, 2009 deed purporting to transfer the property from defendant City Builders, Inc. to defendant Shima is null and void, and, as so modified, affirmed, without costs.
Plaintiff purchased the subject property by deed dated September 1, 2005, which was duly recorded. At the same time, plaintiff's three shareholders entered into an "Ownership Agreement" with defendant City Builders, which provided that City Builders was solely responsible for "all construction and management of the premises," that City Builders "shall" own 50% of the property, and that plaintiff's shareholders would sign a new deed and appropriate transfer documents "to reflect the true ownership of the premises" after the construction was complete.
In March 2009, plaintiff commenced an action (the prior action) in Suffolk County, later transferred to New York County, alleging that City Builders had failed to meet its obligations under the Ownership Agreement. City Builders defaulted in appearing. Subsequently, City Builder's sole owner signed a deed (the 2009 deed) purporting to transfer the subject property to his wife, defendant Shima, and recorded the deed. The prior action culminated in the entry of a judgment, following an inquest, in favor of plaintiff and against City Builders, in August 2016.
In June 2016, having unsuccessfully sought to amend its complaint in the prior action to add Shima as a party and to assert claims challenging the 2009 deed, plaintiff commenced this action seeking to quiet title. In support of its renewed motion for summary judgment, plaintiff submitted its valid deed and a certified chain of title, which established prima facie that it holds title and that defendants' title claim is without merit
(see White Sands Motel Holding Corp. v Trustees of Freeholders & Commonalty of Town of E. Hampton, 142 AD3d 1073 [2d Dept 2016]; see also 5000, Inc. v Hudson One, Inc., 130 AD3d 676 [2d Dept 2015]).
In opposition, defendants failed to demonstrate that City Builders had any ownership interest under the Ownership Agreement, because plaintiff was not a party to that agreement, and, in any event, defendants did not demonstrate that City Builders completed the construction of the premises, a condition of the shareholders' execution of documents effecting the transfer of a 50% interest in the property. In any event, the Ownership Agreement does not provide support for the 2009 deed purporting to transfer 100% ownership from City Builders to Shima, because City Builders never held title.
Plaintiff's claims are not barred by collateral estoppel or res judicata, because the issue of ownership of the subject property was not actually or necessarily litigated in the prior action, which asserted breach of contract and fraud claims (see Kaufman v Eli Lilly & Co., 65 NY2d [*2]449, 456-457 [1985]; Salazar v Pantoja, 137 AD3d 511 [1st Dept 2016]). Nor does res judicata bar this action based on the recording of the 2009 deed, because the 2009 deed was not recorded until after plaintiff had
commenced the prior action (see O'Brien v City of Syracuse, 54 NY2D 353 [1982]; see also Paramount Pictures Corp. v Allianz Risk Transfer AG, 31 NY3d 64, 72 [2018]).
Because the 2009 deed was void ab initio (see Cruz v Cruz, 37 AD3D 754 [2d Dept 2007]), it is not subject to a statute of limitations defense (see Faison v Lewis, 25 NY3d 220, 224-225 [2015]; Weiss v Phillips, 157 AD3d 1, 10 [1st Dept 2017]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MARCH 28, 2019
CLERK