CitiMortgage, Inc. v Pantoja (2019 NY Slip Op 05481)





CitiMortgage, Inc. v Pantoja


2019 NY Slip Op 05481


Decided on July 9, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 9, 2019

Renwick, J.P., Gische, Kapnick, Singh, JJ.


9821 13637/06

[*1]CitiMortgage, Inc., Plaintiff-Respondent,
v
Rafael Pantoja, et al., Defendants, Ana Iris Salazar, et al., Defendants-Appellants.


Balfe & Holland, P.C., Melville (Lee E. Riger of counsel), for appellants.
Houser & Allison, APC, New York (Victoria R. Serigano of counsel), for respondent.



Order, Supreme Court, Bronx County (Howard H. Sherman, J.), entered on or about March 13, 2018, which, to the extent appealed from as limited by the briefs, granted plaintiff's motion for summary judgment on its foreclosure complaint as against defendants Ana Iris Salazar, Bernice Collado, and Intervenida Salvador (the Salazar defendants), unanimously reversed, on the law, without costs, the motion denied, and plaintiff's relief against the Salazar defendants limited to an equitable lien in the amount of the payoff of the prior valid lien held by Chase Mortgage Company.
It is undisputed that nonparty Rapsil Corporation conveyed the same property to two different recipients, first, defendant Rafael Pantoja (who obtained a mortgage from CitiMortgage), and, second, a bona fide entity that transferred it to the Salazar defendants. Although the deed that conveyed the property from Rapsil to Pantoja was unacknowledged, which ordinarily would render it only voidable, because Pantoja controlled Rapsil, the deed was made under false pretenses and was therefore void ab initio (see Marden v Dorthy, 160 NY 39, 53 [1899]; International Union Bank v National Sur. Co., 245 NY 368, 372-373 [1927]). Accordingly, the CitiMortgage mortgage was invalid as well (Weiss v Phillips, 157 AD3d 1, 10 [1st Dept 2017]).
This determination is not inconsistent with our prior related decisions (Salazar v Pantoja, 137 AD3d 511 [1st Dept 2016]; ABN Amro Mtge. Group, Inc. v Pantoja, 91 AD3d 440 [1st Dept 2012]). In any event, the law of the case doctrine does not limit our power to reconsider issues "where there are extraordinary circumstances, such as subsequent evidence affecting the prior determination" (J.P. Morgan Sec., Inc. v Vigilant Ins. Co., 166 AD3d 1, 8-9 [1st Dept 2018] [internal quotation marks omitted]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JULY 9, 2019
CLERK