Citimortgage, Inc. v Pantoja (2019 NY Slip Op 07868)





Citimortgage, Inc. v Pantoja


2019 NY Slip Op 07868


Decided on October 31, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 31, 2019

Renwick, J.P., Gische, Kapnick, Singh, JJ.


9821 13637/06

[*1]Citimortgage, Inc., Plaintiff-Respondent,
v
Rafael Pantoja, et al., Defendants, Ana Iris Salazar, et al., Defendants-Appellants.


Balfe & Holland, P.C., Melville (Lee E. Riger of counsel), for appellants.
Houser & Allison, APC, New York (Victoria R. Serigano of counsel), for respondent.



Order, Supreme Court, Bronx County (Howard H. Sherman, J.), entered on or about March 13, 2018, which, to the extent appealed from as limited by the briefs, granted plaintiff's motion for summary judgment on its foreclosure complaint as against defendants Ana Iris Salazar, Bernice Collado, and Intervenida Salvador (the Salazar defendants), unanimously reversed, on the law, without costs, the motion denied, and plaintiff's relief against the Salazar defendants limited to an equitable lien in the amount of the payoff of the prior valid lien held by Chase Mortgage Company.
It is undisputed that nonparty Rapsil Corporation conveyed the same property to two different recipients, first, defendant Rafael Pantoja (who obtained a mortgage now owned by plaintiff, and, second, a bona fide entity that transferred it to the Salazar defendants. Pantoja is the principal of Rapsil.
In a 2012 action by plaintiff's predecessor in interest, ABN AMBRO, where the sole issue was lien priority (see ABN Amro Mtge. Group, Inc. v Pantoja, 91 AD3d 440 [1st Dept 2012]), this Court held that ABN AMRO's mortgage had priority over the MERS mortgage obtained by the Salazars, because it was recorded earlier in time. To the extent that a portion of the ABN AMRO mortgage proceeds had been used to satisfy a previous 1998 mortgage held by nonparty Chase, we held that ABN AMRO was entitled to recover under the doctrine of equitable subrogation. This Court issued no ruling addressing any party's claim to title or the viability of any deeds.
A 2016 action, brought by the Salazars against Pantoja, sought, inter alia, to quiet title and a judgment voiding the Rapsil-to-Pantoja deed. In our order on that appeal we held that the Salazars were not barred by doctrines of collateral estoppel or res judicata from challenging the Rapsil-to-Pantoja deed. We held that the Rapsil-to-Pantoja deed is "void as against all subsequent purchasers," and affirmed Supreme Court's declaration that the Salazars, not Pantoja, have an ownership interest in the property (Salazar v Pantoja, 137 AD3d 511 [1st Dept 2016]). It remains undisputed that the Rapsil-to-Pantoja deed was not acknowledged and that it was not signed by an officer of Rapsil; rather it was only signed by "Rapsil Corporation." These defects rendered the deed void and invalid on its face, making it ineffective to pass title from Rapsil to Pantoja. Since the Rapsil-to-Pantoja deed did not pass title, it was, and continued to be, void at its inception. Language in our 2016 order that the deed is void "as against all subsequent purchasers" is not inconsistent with our finding here that the deed was void at its inception.
Where a deed is void and invalid on its face it conveys no title. Furthermore, "a lender who takes a mortgage to a property subject to a void deed does not have anything to mortgage, [making the] mortgage invalid as well" (Weiss v Phillips, 157 AD3d 1, 10 [1st Dept 2017]). [*2]Consequently, plaintiff has, and is limited to, an equitable lien in the amount of the proceeds of the loan that were used to satisfy the prior mortgage lien recorded in 1998 (ABN AMRO Mtge. Group, Inc., 91 AD3d at 440-441).
The Decision and Order of this Court entered herein on July 9, 2019 (174 AD3d 433 [1st Dept 2019]) is hereby recalled and vacated (see M-7117 decided simultaneously herewith).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: OCTOBER 31, 2019
CLERK