702 DeKalb Residence, LLC v SSLiberty, Inc. (2022 NY Slip Op 05971)

702 DeKalb Residence, LLC v SSLiberty, Inc.

2022 NY Slip Op 05971

Decided on October 26, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 26, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
REINALDO E. RIVERA
JOSEPH A. ZAYAS
WILLIAM G. FORD, JJ.

2019-12334
 (Index No. 518113/17)

[*1]702 DeKalb Residence, LLC, etc., respondent,
v
SSLiberty, Inc., et al., appellants.

Andrew M. Krisel, Brooklyn, NY (Robert L. Greene of counsel), for appellants.
Fidelity National Law Group, New York, NY (Terence D. Watson of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, pursuant to RPAPL article 15 to quiet title to real property and for related declaratory relief, the defendants appeal from an order of the Supreme Court, Kings County (Pamela L. Fisher, J.), dated September 30, 2019. The order, insofar as appealed from, denied the defendants' motion for summary judgment dismissing the complaint and granted those branches of the plaintiff's cross motion which were for summary judgment on the causes of action to quiet title to real property and for a judgment declaring that certain deeds are null and void.
ORDERED that the order is affirmed insofar as appealed from, with costs, and the matter is remitted to the Supreme Court, Kings County, for the entry of a judgment, inter alia, making the appropriate declaration in accordance herewith.
This appeal arises from a dispute over the ownership of real property located on DeKalb Avenue in Brooklyn (hereinafter the subject property). The defendants William D. Smith and Dwayne B. Smith (hereinafter together the Smith defendants) are the children of Bessie Jordan, a prior owner of the subject property, who defaulted on her mortgage payments on the subject property in March 2002 and died intestate shortly thereafter. In May 2007, while an action to foreclose the mortgage was pending in the Supreme Court, the administrator of Jordan's estate conveyed the subject property to nonparty Nathan Tantleff, who thereafter unsuccessfully defended the foreclosure action. In 2011, the subject property was acquired by the mortgage lender at the foreclosure sale. The mortgage lender then conveyed title to nonparty Kondaur Capital Corporation (hereinafter Kondaur), which, in turn, conveyed title to the plaintiff in December 2011. Almost six years later, in August 2017, the Smith defendants, as the sole surviving distributees of Jordan's estate, executed a deed purporting to transfer title to the subject property solely to Dwayne B. Smith, who in turn executed a deed purporting to transfer title to the defendants SSLiberty, Inc., and American Regional Capital, LLC (hereinafter together the Smith deeds).
In September 2017, the plaintiff commenced the instant action, seeking, inter alia, in the first and second causes of action, to quiet title to the subject property and for a judgment declaring that the Smith deeds are null and void. The defendants moved for summary judgment dismissing the complaint, and the plaintiff cross-moved, among other things, for summary judgment on the first and second causes of action. By order dated September 30, 2019, the Supreme Court, [*2]inter alia, denied the defendants' motion and granted those branches of the plaintiff's cross motion. The defendants appeal.
"To obtain summary judgment in an action to quiet title pursuant to RPAPL article 15, 'the movant must establish, prima facie, that it holds title, or that the nonmovant's title claim is without merit'" (1259 Lincoln Place Corp. v Bank of N.Y., 159 AD3d 1004, 1005, quoting White Sands Motel Holding Corp. v Trustees of Freeholders & Commonalty of Town of E. Hampton, 142 AD3d 1073, 1074; see X & Y Dev. Group, LLC v Epic Tower, LLC, 196 AD3d 732, 733). Here, the plaintiff met its prima facie burden by submitting the duly executed and acknowledged deed by which the administrator of Jordan's estate conveyed the subject property to Tantleff, thereby divesting the estate and its distributees, including the Smith defendants, of their ownership interest in the subject property, and by submitting the duly executed and acknowledged deed from Kondaur reflecting the plaintiff's ownership of the subject property. In opposition, the defendants failed to raise a triable issue of fact (see X & Y Dev. Group, LLC v Epic Tower, LLC, 196 AD3d at 733; 1259 Lincoln Place Corp. v Bank of N.Y., 159 AD3d at 1005; Elder v Elder, 2 AD3d 671, 672).
Accordingly, the Supreme Court properly granted those branches of the plaintiff's cross motion which were for summary judgment on the causes of action to quiet title and for a judgment declaring that the Smith deeds are null and void, and properly denied the defendants' motion for summary judgment dismissing the complaint. Since this is, in part, a declaratory judgment action, we remit the matter to the Supreme Court, Kings County, for the entry of a judgment, inter alia, declaring that the deed purporting to transfer title to the subject property to the defendant Dwayne B. Smith and the deed purporting to transfer title to the subject property to the defendants SSLiberty, Inc., and American Regional Capital, LLC, are null and void (see Lanza v Wagner, 11 NY2d 317, 334).
CONNOLLY, J.P., RIVERA, ZAYAS and FORD, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court