150A 30 St. Trust, Israel Grossman Trustee v Barca Dev., LLC (2024 NY Slip Op 01283)

150A 30 St. Trust, Israel Grossman Trustee v Barca Dev., LLC

2024 NY Slip Op 01283

Decided on March 13, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 13, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
JOSEPH J. MALTESE
PAUL WOOTEN
LOURDES M. VENTURA, JJ.

2021-01686
 (Index No. 524667/17)

[*1]150A 30 Street Trust, Israel Grossman Trustee, et al., appellants, 
v
Barca Development, LLC, respondent, et al., defendants.

Lawrence R. Kulak, Brooklyn, NY, for appellants.
McLaughlin & Stern, LLP, Garden City, NY (Todd Harris Hesekiel and Benjamin S. Kaplan of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, for a judgment declaring that the plaintiff 150A 30 Street Trust, Raphael Grossman Trustee is the owner of certain real property, the plaintiffs appeal from an order of the Supreme Court, Kings County (Loren Baily-Schiffman, J.), dated February 4, 2021. The order granted the motion of the defendant Barca Development, LLC, inter alia, for summary judgment dismissing the amended complaint insofar as asserted against it and on its counterclaim for a judgment declaring that the defendant Barca Development, LLC, is the owner of the subject property.
ORDERED that the order is affirmed, with costs, and the matter is remitted to the Supreme Court, Kings County, for the entry of a judgment, inter alia, declaring that the defendant Barca Development, LLC, is the owner of the subject property.
The plaintiffs commenced this action, inter alia, for a judgment declaring that the plaintiff 150A 30 Street Trust, Raphael Grossman Trustee is the owner of certain real property. The defendant Barca Development, LLC (hereinafter the defendant), interposed an answer in which it, among other things, asserted a counterclaim for a judgment declaring that it is the owner of the property. The defendant moved, inter alia, for summary judgment dismissing the amended complaint insofar as asserted against it and on its counterclaim for a judgment declaring that it is the owner of the property. The Supreme Court granted the defendant's motion. The plaintiffs appeal, and we affirm.
The defendant's contentions that it demonstrated its prima facie entitlement to judgment as a matter of law on the grounds of statute of limitations, laches, and equitable estoppel are not properly before this Court (see Rosenbaum v Festinger, 151 AD3d 897; Matter of Pappas v Corfian Enters., Ltd., 76 AD3d 679, 680).
"To obtain summary judgment in an action to quiet title pursuant to RPAPL article 15, 'the movant must establish, prima facie, that it holds title, or that the nonmovant's title claim is without merit'" (1259 Lincoln Place Corp. v Bank of N.Y., 159 AD3d 1004, 1005, quoting White Sands Motel Holding Corp. v Trustees of Freeholders & Commonalty of Town of E. Hampton, 142 [*2]AD3d 1073, 1074). Here, the defendant demonstrated its prima facie entitlement to judgment as a matter of law by establishing its valid title to the property based on the submission of deeds establishing the chain of title (see 702 DeKalb Residence, LLC v SSLiberty, Inc., 209 AD3d 937, 939; X & Y Dev. Group, LLC v Epic Tower, LLC, 196 AD3d 732, 733). In opposition, the plaintiffs failed to raise a triable issue of fact. Contrary to the plaintiffs' contention, an issue of fact does not exist as to whether a purported deed dated February 2004, from which their title claim derives, was valid. The affirmation of the plaintiffs' purported trustee must be deemed an effort to create a feigned issue of fact, in light of that individual's prior contradictory deposition testimony (see Newkirk v Safe Coach Bus, Inc., 218 AD3d 477, 478; Gooden v EAN Holdings, LLC, 189 AD3d 1552, 1552; Mallen v Dekalb Corp., 181 AD3d 669, 669). Accordingly, the Supreme Court properly granted the defendant's motion (see 702 DeKalb Residence, LLC v SSLiberty, Inc., 209 AD3d at 939; X & Y Dev. Group, LLC v Epic Tower, LLC, 196 AD3d at 733).
The defendant did not seek sanctions before the Supreme Court, and we decline to impose sanctions upon the plaintiffs relating to this appeal (see 22 NYCRR 130-1.1[c]; Miller v Ball, 165 AD3d 920, 921).
In light of our determination, we do not reach the defendant's remaining contention.
Since this is, in part, a declaratory judgment action, we remit the matter to the Supreme Court, Kings County, for the entry of a judgment, inter alia, declaring that the defendant is the owner of the property (see Lanza v Wagner, 11 NY2d 317, 334).
IANNACCI, J.P., MALTESE, WOOTEN and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court