Kadnar v Kadnar (2024 NY Slip Op 06188)

Kadnar v Kadnar

2024 NY Slip Op 06188

Decided on December 11, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 11, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
LINDA CHRISTOPHER
LARA J. GENOVESI
BARRY E. WARHIT, JJ.

2023-00011
 (Index No. 2800/21)

[*1]Jan Kadnar, also known as Jan Kadnar, Jr., respondent,
v
Jan Kadnar, also known as Jan Kadner, et al., appellants, et al., defendants.

Wichler & Gobetz, P.C., Suffern, NY (Kenneth C. Gobetz of counsel), for appellants.
Bloom & Bloom, P.C. (Hasapidis Law Offices, South Salem, NY [Annette G. Hasapidis], of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, pursuant to RPAPL article 15 to quiet title to certain real property, the defendants Jan Kadnar, also known as Jan Kadner, and Socolik, LLC, appeal from an order of the Supreme Court, Orange County (Robert A. Onofry, J.), dated November 14, 2022. The order, insofar as appealed from, granted that branch of the plaintiff's motion which was for summary judgment on the cause of action to quiet title and denied the cross-motion of the defendants Jan Kadnar, also known as Jan Kadner, and Socolik, LLC, for summary judgment dismissing the complaint insofar as asserted against them and to vacate a notice of pendency.
ORDERED that the order is modified, on the law, by deleting the provision thereof granting that branch of the plaintiff's motion which was for summary judgment on the cause of action to quiet title, and substituting therefor a provision denying that branch of the motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.
The defendant Jan Kadnar, also known as Jan Kadner (hereinafter Jan Kadnar, Sr.), is the father of the plaintiff, Jan Kadnar, also known as Jan Kadnar, Jr. In 2007, a deed was executed conveying title to certain real property located in Newburgh (hereinafter the subject property) to "Jan Kadnar." In 2009, the subject property was subdivided into five lots, two of which the plaintiff sold to third parties without incident. In 2020, the plaintiff entered into a contract to sell Lots 3 and 5 to third-party purchasers. Prior to the closing, however, Jan Kadnar, Sr., transferred Lots 3, 4, and 5 to the defendant Socolik, LLC (hereinafter together with Jan Kadnar, Sr., the defendants), an entity he created and controlled.
In April 2021, the plaintiff commenced this action, inter alia, pursuant to RPAPL article 15 to quiet title to the subject property. The plaintiff thereafter moved, among other things, for summary judgment on the cause of action to quiet title. The defendants opposed the motion and cross-moved for summary judgment dismissing the complaint insofar as asserted against them and to vacate a notice of pendency the plaintiff had filed against the subject property. In an order dated November 14, 2022, the Supreme Court, inter alia, granted that branch of the plaintiff's motion which was for summary judgment on the cause of action to quiet title and denied the defendants' cross-motion. The defendants appeal.
To obtain summary judgment in an action pursuant to RPAPL article 15 to quiet title, "the movant must establish, prima facie, that [the movant] holds title, or that the nonmovant's title [*2]claim is without merit" (White Sands Motel Holding Corp. v Trustees of Freeholders & Commonalty of Town of E. Hampton, 142 AD3d 1073, 1074; see 702 DeKalb Residence, LLC v SSLiberty, Inc., 209 AD3d 937, 938). Here, although the Supreme Court properly determined that the 2007 deed was ambiguous as to the identity of the intended grantee, the plaintiff failed to establish, prima facie, that he was the intended grantee or that the defendants' assertion that Jan Kadnar, Sr., was the intended grantee was without merit as a matter of law (see D'Andrea v 3 Unqua Place, LLC, 222 AD3d 830, 831; George v Bainbridge St Realty II, Inc., 221 AD3d 584, 585; Panarese v Claudio, 216 AD3d 660, 661; 702 DeKalb Residence, LLC v SSLiberty, Inc., 209 AD3d at 938; Al's Atl., Inc. v Shatma, LLC, 109 AD3d 491, 492). Although the plaintiff submitted evidence demonstrating that he undertook actions consistent with sole ownership of the subject property in selling two of the five subdivided lots to third parties, the plaintiff also submitted evidence capable of supporting the conclusion that he undertook those activities in furtherance of an oral joint venture agreement that contemplated that the subject property be held in the name of Jan Kadnar, Sr. As issues of fact and credibility were presented that could not be resolved on a motion for summary judgment (see Walker v Ryder Truck Rental & Leasing, 206 AD3d 1036, 1038), the court should have denied that branch of the plaintiff's motion which was for summary judgment on the cause of action to quiet title, without regard to the sufficiency of the opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
For these same reasons, however, the Supreme Court properly denied the defendants' cross-motion, among other things, for summary judgment dismissing the complaint insofar as asserted against them. While the defendants submitted evidence to the effect that there was an agreement in place contemplating that the subject property be held in the name of Jan Kadnar, Sr., their submissions also presented triable issues of fact as to whether the plaintiff was the sole owner of the subject property.
The plaintiff's remaining contention is without merit.
CONNOLLY, J.P., CHRISTOPHER, GENOVESI and WARHIT, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court