Open Space Inst. Land Trust, Inc. v Marchewka

2026 NY Slip Op 03033

May 14, 2026

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

Open Space Institute Land Trust, Inc., Respondent,

v

Kelsey Marchewka et al., Defendants, and David Grant, Appellant.

Decided and Entered:May 14, 2026

CV-24-1100

Calendar Date: March 23, 2026

Before: Clark, J.P., Ceresia, Fisher, Powers And Corcoran, JJ.

David Grant, Hawthorne, Florida, appellant pro se.

Rupp Pfalzgraf LLC, Saratoga Springs (Taylor M. Way of counsel), for respondent.

[*1]

Clark, J.P.

Appeal from a judgment of the Supreme Court (Kevin Bryant, J.), entered April 3, 2024 in Ulster County, which, among other things, granted plaintiff's motion for summary judgment against defendant David Grant.

Plaintiff is a not-for-profit corporation that owns over 300 acres of land in Ulster County. Plaintiff seeks to convey its property to the State to be incorporated into a state forest. After the Attorney General raised a concern regarding the chain of title to a 15-acre parcel and adjacent roadway (hereinafter the disputed land) located within the bounds of the acreage plaintiff seeks to convey to the State, plaintiff commenced this RPAPL article 15 action to quiet title to the disputed land and to declare plaintiff the exclusive, fee-simple owner thereof. Of the 53 individuals listed in the complaint as potential "descendants, heirs, and/or devisees of [p]laintiff's predecessors in title," 25 entered into stipulations with plaintiff resolving the action against them and agreeing that they had "no lien, claim, right, title, estate, and/or interest" in the disputed land. Another 27 of the named defendants were subsequently found to be in default by Supreme Court. Defendant David Grant (hereinafter defendant) is the only named defendant who answered the complaint and asserted a property interest in the disputed land. Plaintiff subsequently moved for summary judgment in its favor. Defendant opposed the motion. Supreme Court granted plaintiff's motion, finding, as relevant here, that it demonstrated clear title to the disputed land and that defendant failed to raise a triable issue of fact in opposition. The court thereafter issued a judgment memorializing its decision and declaring plaintiff to be the sole, fee-simple owner of the disputed land. Defendant appeals.

We affirm. Contrary to defendant's contention, Supreme Court properly granted plaintiff's motion for summary judgment on its claim to quiet title. On such a motion, "it is the moving party's burden to establish its prima facie entitlement to judgment as a matter of law by presenting sufficient evidence demonstrating the absence of any material questions of fact" (Schaffer v State of New York, 237 AD3d 1334, 1335 [3d Dept 2025] [internal quotation marks and citation omitted]; see O'Toole v Marist Coll., 206 AD3d 1106, 1107-1108 [3d Dept 2022]). "Only upon such a showing will the burden shift to the opposing party to demonstrate the existence of a material issue of fact" (Nusbaum v 1455 Wash. Ave., LLC., 240 AD3d 1113, 1114 [3d Dept 2025] [citations omitted]). "To obtain summary judgment in an action to quiet title pursuant to RPAPL article 15, the movant must establish, prima facie, that it holds title, or that the nonmovant's title claim is without merit" (X & Y Dev. Group, LLC v Epic Tower, LLC, 196 AD3d 732, 733 [2d Dept 2021] [citations omitted], lv dismissed 37 NY3d 1140 [2022]; see Sunnyview Farm, LLC v Levy Leverage, LLC, 223 AD3d 955, 957 [3d Dept 2024]; 702 DeKalb Residence, LLC [*2]v SSLiberty, Inc., 209 AD3d 937, 938 [2d Dept 2022]).

Here, plaintiff submitted evidence that it obtained title to the 317.8 acres of land in Ulster County that it seeks to convey to the State through a 2019 deed from Golden Woodlands, LLC. The 2019 deed described the disputed land as being encompassed within the bounds of the conveyance to plaintiff. Notwithstanding the terms of the 2019 deed, the record demonstrates that plaintiff's predecessors in title — Martin and Olive Winchell — previously excepted the disputed land from the terms of an 1884 conveyance of approximately 100 acres now encompassing a portion of plaintiff's property and they may have retained title to the disputed 15 acres until their deaths. That same exception was included in subsequent deeds conveying the larger property surrounding the 15-acre parcel.

Plaintiff argued that the exception and reservation clauses contained in the deeds following the 1884 conveyance were included by mistake and, in an attempt to clear title, submitted evidence that defendant was not a direct descendant of the Winchells for purposes of asserting a property interest in the disputed land. In that regard, plaintiff proffered an affidavit from a paralegal who had "performed extensive research to identify and locate any and all descendants of Martin Winchell using the Ancestry website, the Newspapers website, social media, and public records." Through her research, the paralegal identified defendant as "the great-great-grandson of Martin Winchell's son-in-law" and did not find evidence that defendant had ever been adopted by a direct descendant of Martin Winchell. Plaintiff also proffered evidence that defendant's mother was a signatory of one of the stipulations obtained in the underlying litigation, where she agreed that she had no property interest in the disputed land. Plaintiff further submitted copies of defendant's response to its request for interrogatories and the transcript from his deposition, wherein he did not dispute his step-relation to Martin Winchell and revealed that his property interest claim was primarily based upon "family Bible records."

On this record, plaintiff established its prima facie entitlement to judgment as a matter of law on its claim to quiet title (see 702 DeKalb Residence, LLC v SSLiberty, Inc., 209 AD3d at 938; X & Y Dev. Group, LLC v Epic Tower, LLC, 196 AD3d at 733). Plaintiff demonstrated that it has a good faith claim of right to the disputed land through the 2019 deed from Golden Woodlands, LLC, which included the disputed land within the bounds of the property conveyed to plaintiff. Although the prior deeds in plaintiff's chain of title indicate that Martin and Olive Winchell may have actually retained title to the disputed 15 acres until their deaths, plaintiff proffered evidence that, with the exception of defendant, all of the Winchells' potential heirs with a conceivable property interest have either defaulted in the underlying action or have stipulated [*3]that they have no such interest. Correspondingly, plaintiff's evidence demonstrated that defendant is a step-relative of the Winchells — thereby divesting him of any legitimate inheritance claim over the disputed land through intestate succession (see EPTL 4-1.1) — and that his mother signed a stipulation agreeing that she has no interest therein. Insofar as plaintiff made the required prima facie showing of clear title, the burden shifted to defendant to raise a triable issue of fact in opposition.

Defendant did not satisfy such burden. Even viewing the evidence in the light most favorable to defendant as the nonmoving party (see Vega v Restani Constr. Corp., 18 NY3d 499, 503 [2012]), he did not submit any documentary proof contradicting plaintiff's proof regarding his step-relation to the Winchells or indicating that he or anyone else had a legitimate property interest in the disputed land. Since plaintiff demonstrated clear title and defendant did not establish any triable issue of fact in opposition, Supreme Court properly granted plaintiff's motion (see 702 DeKalb Residence, LLC v SSLiberty, Inc., 209 AD3d at 939; 1259 Lincoln Place Corp. v Bank of N.Y., 159 AD3d 1004, 1005 [2d Dept 2018]; Cormack v Burks, 150 AD3d 1198, 1200 [2d Dept 2017]). In light of our determination, plaintiff's adverse possession claim is rendered academic. Defendant's remaining contentions, including his claim of judicial bias, have been considered and found lacking in merit.

Ceresia, Fisher, Powers and Corcoran, JJ., concur.

ORDERED that the judgment is affirmed, without costs.