■ PIERRE DESULME, Respondent, v NANETTE M. STANYA et al., Defendants, and JOSEPH RAMEK, Appellant. [785 NYS2d 477]—

In an action to recover damages for personal injuries, the defendant Joseph Ramek appeals from so much of an order of the Supreme Court, Nassau County (Brandveen, J.), dated June 17, 2003, as, upon reargument, denied his motion for summary judgment dismissing the complaint insofar as asserted against him on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is affirmed insofar as appealed from, with costs.

The Supreme Court properly determined, upon reargument, that the affidavit of the plaintiff's treating physician submitted on the prior motion was sufficient to raise a triable issue of fact.

The plaintiff's physician stated that he had objectively measured the plaintiff's range of motion with a goniometer, and recorded a loss of 30% on extension of the cervical spine and of 60% on extension of the lumbar spine. Moreover, since the appellant had already put before the Supreme Court certain unsworn magnetic resonance imaging reports indicating the existence of bulging discs in the lumbar and cervical spines, it was proper for the plaintiff's physician to rely upon those reports (*see Pietrocola v Battibulli,* 238 AD2d 864, 866 [1997]). Finally, the Supreme Court providently accepted the plaintiff's proffered explanation for the gap in time between the end of his medical treatments and his re-examination by his physician in June of 2002.

Accordingly, the Supreme Court properly determined, upon reargument, that the appellant was not entitled to summary judgment dismissing the complaint insofar as asserted against him. Krausman, J.P., Luciano, Mastro and Lifson, JJ., concur.