■ EDWARD GRIMES-CARRION, Respondent, v JESSICA RENE CARROLL, Defendant, RACHEL M. GORDON, Appellant, and FRANCISCO URENA et al., Respondents. (Action No. 1.) FRANK DISOMMA, Plaintiff, v FRANCISCO URENA et al., Defendants. FRANCISCO URENA et al., Third-Party Plaintiffs-Respondents, v RACHEL M. GORDON, Third-Party Defendant-Appellant. (Action No. 2.) [787 NYS2d 6]—

Order, Supreme Court, New York County (Milton A. Tingling, J.), entered June 4, 2004, insofar as it denied the motion of action No. 1 defendant and action No. 2 third-party defendant Rachel M. Gordon for summary judgment dismissing the complaint, third-party complaint and all cross claims against her, unanimously reversed, on the law, without costs or disbursements, and the motion granted. The Clerk is directed to enter judgment in favor of defendant Gordon dismissing the complaints and cross claims against her.

This is a consolidated personal injury case involving a three-car collision near the intersection of 145th Street and Bradhurst Avenue in Manhattan. Defendant Gordon was the operator of car No. 2, which was stopped behind car No. 1. According to the pretrial testimony of the operator of car No. 3, he was stopped behind car No. 2, which, as he acknowledges, was also stopped in heavy traffic. At some point, the traffic began to move. Car No. 3's operator heard a horn behind him and, as he began to move forward in his car, he saw car No. 2 stop. When he attempted to apply his brakes, his foot slipped and he stepped on the accelerator instead, propelling his car into the rear of car No. 2, which, in turn, struck the rear of car No. 1. Gordon moved for summary judgment dismissing the complaint and third-party complaint, as well as all cross claims, on the ground that a prima facie case of negligence on the part of the operator of car No. 3 had been shown. Only the owner and operator of car No. 3 opposed the motion. Despite its finding that defendant Gordon had, by virtue of her car being rear-ended, made the requisite showing of negligence on the part of the operator of car No. 3, the motion court inexplicably refused to dismiss the complaints and all cross claims and instead granted the motion only to the extent of granting Gordon indemnification against

the owner and operator of car No. 3 for any judgment entered against her in this consolidated action. We reverse.

The motion court's finding of an unrebutted inference of negligence against the operator of car No. 3 should have resulted in the grant of the motion for dismissal of the complaints and cross claims. It is well settled that "a rear-end collision with a stopped vehicle establishes a prima facie case of negligence on the part of the operator of the [rear-ending] vehicle" (*Johnson v Phillips*, 261 AD2d 269, 271 [1999]). Here, the operator/owner of car No. 3 failed to offer any nonnegligent explanation for the collision (*see Burns v Gonzalez*, 307 AD2d 863, 865 [2003]). Concur—Sullivan, J.P., Ellerin, Lerner, Marlow and Catterson, JJ.