■ EDWARD GRIMES-CARRION, Respondent, v JESSICA RENE CARROLL, Respondent, and FRANCISCO URENA et al., Appellants, et al., Defendant. [794 NYS2d 30]—

Order, Supreme Court, New York County (Milton A. Tingling, J.), entered February 24, 2004, which, to the extent appealed from, denied the motion by defendants Urena and Nunez for summary judgment dismissing the complaint as against them, unanimously reversed, on the law, without costs, and said defendants' motion granted. The Clerk is directed to enter judgment in favor of defendants-appellants dismissing the complaint as against them.

Defendants Urena and Nunez made a prima facie showing that plaintiff had not sustained a serious injury within the meaning of Insurance Law § 5102 (d), thereby shifting the burden to plaintiff to raise a triable issue of fact (see Gaddy v Eyler, 79 NY2d 955, 957 [1992]). Plaintiff's cumulative submissions were insufficient to meet the statutory threshold.

In support of plaintiff's claim that he suffered a "significant limitation of use of a body function or system," plaintiff submitted various reports from a chiropractor who treated him 2-3 times per week from October 31, 2000 to August 28, 2001, and periodically thereafter. This expert did not quantify plaintiff's spinal range of motion limitations until January 15, 2004. Neither this nor any other expert described or measured spinal limitations at any earlier date. Plaintiff's bill of particulars also refers to positive straight leg tests, but plaintiff offers no medical evidence to support a claim that he suffered range of motion limitation in either leg. While quantified range of motion limitations can, alone, be sufficient to demonstrate that plaintiff suf-

fered a serious injury (*see Desulme v Stanya*, 12 AD3d 557 [2004]), the submissions here do not establish that the spinal limitations measured in January 2004 were caused by the October 2000 accident. Moreover, the totality of plaintiff's evidence was insufficient to raise an issue of fact as to serious injury under the category of "significant limitation" of the maneuverability of either his spine or his leg (*cf. Toure v Avis Rent A Car Sys.*, 98 NY2d 345, 353 [2002]).

Plaintiff's submissions were similarly insufficient to establish that his injuries prevented him from performing substantially all of the material acts constituting his usual and customary daily activities for at least 90 of the 180 days immediately following the accident (*see Gaddy*, 79 NY2d at 958). Plaintiff was unable to work for nine days after he was injured. While he testified at his deposition that he was informally put on restricted duty when he returned to his job, he has not provided independent evidence to indicate that his inability to perform certain tasks was medically indicated (*Relin v Brotherton*, 221 AD2d 840 [1995]). Further, plaintiff's complaints that he had problems driving and sleeping, and slight numbness in his hand are insufficient to establish substantial curtailment of his normal activities during the three-month period immediately following the accident (*Nega v Janella Cab*, 249 AD2d 71 [1998]).

We note that the motion court correctly dismissed the cross claims against defendant Carroll, the driver of the car in which plaintiff was a passenger. The disposition of the complaint as against that defendant has been resolved in *Grimes-Carrion v Carroll* (13 AD3d 125 [2004]). Concur—Mazzarelli J.P., Marlow, Gonzalez and Catterson, JJ.