■ RAMON DeLEON et al., Respondents, v J & J TOWING, INC., et al., Appellants. [822 NYS2d 120]—

In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Kings

County (Ruchelsman, J.), dated September 8, 2005, which, upon reargument, in effect, vacated its prior order dated March 9, 2005, granting their motion for summary judgment dismissing the complaint on the ground that the plaintiff Ramon DeLeon did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) and denied the motion for summary judgment.

Ordered that the order is affirmed, with costs.

The Supreme Court properly treated the motion of the plaintiff Ramon DeLeon (hereinafter the plaintiff) as one for leave to reargue rather than as one for leave to renew. The new affirmed report submitted by the plaintiff's physician did not offer new facts which were unavailable at the time of the original motion. Rather, it demonstrated that the Supreme Court had overlooked or misapprehended certain facts contained in the original affirmed reports. Upon reargument, the Supreme Court properly, in effect, vacated its prior order and denied the defendants' motion for summary judgment (*see McNeil v Dixon,* 9 AD3d 481 [2004]).

The defendants established their prima facie entitlement to summary judgment by way of the affirmed report of Dr. Olson. In opposition, the plaintiff proffered the affirmed reports of Dr. Hausknecht, who alleged, inter alia, that he had measured the plaintiff's range of motion using an arthroidal protractor and found that he suffered a loss of 25% right lateral flexion and left lateral flexion in his cervical spine, as well as a 25% loss of forward flexion in his lumbar spine. This was sufficient to raise a triable issue of fact as to whether the plaintiff sustained a serious injury (*see DiFilippo v Jones,* 22 AD3d 788 [2005]; *Desulme v Stanya,* 12 AD3d 557 [2004]; *see also Mi Ja Lee v Glicksman,* 14 AD3d 669 [2005]; *cf. Vishnevsky v Glassberg,* 29 AD3d 680 [2006]; *Pimentel v Mesa,* 28 AD3d 629 [2006]). Florio, J.P., Skelos, Fisher and Dillon, JJ., concur.