■ NATALIE AVANT, Plaintiff, v CEPIN LIVERY CORP., Respondent, and CHARLENE RENEE HERRERA et al., Appellants, et al., Defendant. [904 NYS2d 381]—

Order, Supreme Court, Bronx County (Norma Ruiz, J.), entered August 14, 2009, which, insofar as appealed from as limited by the briefs, denied defendants-appellants' motion for summary judgment dismissing the complaint and all cross

claims as against them, unanimously reversed, on the law, without costs, and the motion granted. The Clerk is directed to enter judgment in favor of appellants dismissing the complaint and all cross claims as against them.

Plaintiff was a passenger in the backseat of defendant Cepin Livery Corp.'s vehicle when that vehicle struck the back of appellants' vehicle, which was stopped at a red light, before hitting another car; plaintiff sustained injuries as a result of the accident. Under the circumstances, summary judgment in favor of appellants is warranted because when such a rear-end collision occurs, the owner and operator of the front vehicle are entitled to summary judgment on liability unless the driver of the following vehicle can provide a nonnegligent explanation for the collision (*see Mullen v Rigor*, 8 AD3d 104 [2004]; *Johnson v Phillips*, 261 AD2d 269, 271 [1999]). Here, the opposition failed to provide such a nonnegligent explanation (*see Grimes-Carrion v Carroll*, 13 AD3d 125 [2004]).

Contrary to the finding of the motion court, depositions are not needed since the opponents of the motion had personal knowledge of the facts (*cf.* CPLR 3212 [f]), and failed to meet their obligation of laying bare their proof and presenting evidence sufficient to raise a triable issue of fact (*Morgan v New York Tel.*, 220 AD2d 728 [1995]). Concur—Tom, J.P., Andrias, Catterson, Moskowitz and Acosta, JJ.