■ JOANN CELENTANO et al., Appellants, v CATHERINE MORIARTY, Respondent. [904 NYS2d 908]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Orange County (Slobod, J.), dated June 1, 2009, which denied their motion for summary judgment on the issue of liability.

Ordered that the order is reversed, on the law, with costs, and the plaintiffs' motion for summary judgment on the issue of liability is granted.

A rear-end collision with a stopped vehicle creates a prima facie case of negligence against the operator of the moving vehicle and imposes a duty on that operator to provide a non-negligent explanation for the collision (see *Carman v Arthur J. Edwards Mason Contr. Co., Inc.*, 71 AD3d 813, 813-814 [2010]; *Franco v Breceus*, 70 AD3d 767, 768 [2010]). Here, the defendant failed to provide a non-negligent explanation for the collision. Her assertion that the plaintiffs' vehicle came to a sudden stop in front of her vehicle is not supported by any evidence in the record (see *Farrington v New York City Tr. Auth.*, 33 AD3d 332 [2006]). Accordingly, in response to the plaintiffs' prima facie showing of their entitlement to judgment as a matter of law, the defendant failed to raise a triable issue of fact. Thus, the Supreme Court should have granted the plaintiffs' motion for summary judgment on the issue of liability. Dillon, J.P., Santucci, Hall and Lott, JJ., concur.