09-5010-cv
Kang v. Hertz Vehicles LLC

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

# **SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 5th day of October, two thousand ten.

PRESENT:

> ROBERT D. SACK,
> REENA RAGGI,
> GERARD E. LYNCH,

> <u>Circuit Judges</u>.

-----------------------------------------

 Jea Keng Kang,

<u>Plaintiff-Appellant</u>,

 - v -                                    No. 09-5010-cv

 Hertz Vehicles LLC and Morris Marshall Jr.,

<u>Defendants-Appellees</u>.

-----------------------------------------


Appearing for Appellant:  Sang J. Sim, Sim & Park, LLP, New York, N.Y.


Appearing for Appellees:  Kent B. Dolan, Lifflander & Reich LLP, New York, N.Y.

Appeal from a decision and order of the United States District Court for the Eastern District of New York (Raymond J. Dearie, Chief Judge).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the district court be, and it hereby is, VACATED and REMANDED.

Plaintiff-Appellant Jea Keng Kang appeals from the district court's November 10, 2009, decision and order granting summary judgment in favor of Defendants-Appellees Hertz Vehicles LLC ("Hertz") and Morris Marshall, Jr., on the plaintiff's claim for negligence and personal injury arising from a motor vehicle accident. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

"We review a district court's grant of summary judgment de novo, construing the evidence in the light most favorable to the non-moving party and drawing all reasonable inferences in its favor." Allianz Ins. Co. v. Lerner, 416 F.3d 109, 113 (2d Cir. 2005). "[S]ummary judgment is appropriate where there exists no genuine issue of material fact and, based on the undisputed facts, the moving party is entitled to judgment as a matter of law." D'Amico v. City of N.Y., 132 F.3d 145, 149 (2d Cir. 1998); see also Fed. R. Civ. P. 56(c)(2).

This case arises from a motor vehicle accident that took place on the Grand Central Parkway in Queens, New York, in October 2006. Kang alleges that while driving on the Parkway, his car was hit near the rear left tire by Marshall's Hertz van, causing Kang's vehicle to spin leftward across several lanes and collide with the concrete barrier dividing the highway from oncoming traffic. Marshall denies causing the accident, contending that Kang's car made impact with the Hertz van only after Kang had already spun out from his lane and bounced off the concrete barrier. In addition to Kang's and Marshall's deposition testimony, the parties submitted evidence on summary judgment in the form of deposition testimony from four non-party passengers who were riding in the Hertz van, each of whom relayed an account of the accident that was similar in most respects to Marshall's.

The district court granted summary judgment in favor of the defendants, finding "no evidence from which a reasonable juror could infer that Marshall was speeding, driving erratically, or was otherwise negligent in causing the accident." Kang v. Hertz Vehicles, LLC, No. CV 08-1283 (RJD), 2009 WL 3762648, at *1

2

(E.D.N.Y. Nov. 10, 2009). "To the contrary," the court noted, "the uncontroverted record evidence, including the deposition testimony of passengers in Marshall's van at the time of the incident, suggests that Kang, and not Marshall, was speeding and that he caused the accident when he suddenly and without notice cut in front of Marshall's van." Id.

We are sympathetic with what we take to be the district court's view that the weight of the evidence favors the defendants' account of how the accident took place. We nonetheless conclude that the evidence presented sufficient disputes of material fact to permit a rational jury to find in favor of the plaintiff. For example, Kang testified that, at the time of the accident, he was driving at a reasonable speed and that he "just went straight without changing any car lanes," when he felt an impact at the left rear of his car, causing his car to spin around and hit the central divider. Joint Appendix 64-65. If the jury believes this testimony, it could reasonably infer that whoever hit Kang's car must have been negligent in doing so, since a reasonable driver does not ordinarily hit a car that is traveling in front of him at a steady speed. Cf. Celentano v. Moriarty, 75 A.D.3d 572, 573, 904 N.Y.S.2d 908, 908 (2d Dep't 2010) (noting in an analogous context that "[a] rear-end collision with a stopped vehicle creates a prima facie case of negligence against the operator of the moving vehicle and imposes a duty on that operator to provide a non-negligent explanation for the collision"); Avant v. Cepin Livery Corp., 74 A.D.3d 533, 534, 904 N.Y.S.2d 381, 382 (1st Dep't 2010) (same with respect to car stopped at red light).[*]

Although Kang's testimony does not itself establish that Marshall's van was the vehicle that hit his car, deposition testimony by two of the passengers in the Hertz van would support such a finding. Alvin Davis testified that the left side of Kang's car "made contact" with the right side of the Hertz van just before Kang's car spun out in front of the van. Joint Appendix 287-88, 293-94. Luis Cortes testified that Kang was passing the Hertz van on the right when Kang's car "clipped" the van, causing Kang's car to spin out. Joint Appendix 235-36. While both passengers testified that it was Kang who hit the Hertz van, and not the other way around, a reasonable jury could still decide, first, to credit Kang's testimony that he was driving within his lane at a reasonable speed when another vehicle hit his, and second, to infer from the passengers'

---

[*] The parties do not dispute that New York law governs Kang's negligence claim.

3

testimony that the Hertz van was the vehicle that collided with Kang's car, while simultaneously rejecting those passengers' testimony that the collision was Kang's, and not Marshall's, fault. We note that the jury, in evaluating the credibility of these witnesses' testimony, could also choose to give significance to the fact that each of the witnesses who were passengers in the van at the time of the accident were, like Marshall, employees of the defendant Hertz.

In sum, the record contains evidence from several witnesses that a collision took place between the two vehicles prior to Kang's car spinning out. Kang argues that Marshall must have caused this collision, while the van passengers say that Kang was the cause. Both Kang and Marshall testify that they were driving straight in their lanes at a reasonable speed at the time the accident occurred. Yet the fact of an initial collision implies that one party must have deviated in some respect in order to hit the other. Although the evidence in support of Kang's position seems to us to be outweighed by that in support of Marshall's (a perception apparently shared by the district court), "the weighing of the evidence is a matter for the factfinder at trial, not for a court considering a motion for summary judgment." Kaytor v. Elec. Boat Corp., 609 F.3d 537, 550 (2d Cir. 2010).

For the foregoing reasons, the judgment of the district court is hereby VACATED and REMANDED for further proceedings.

                    FOR THE COURT:
                    Catherine O'Hagan Wolfe, **Clerk of Court**