■ JUAN A. ROSARIO, Appellant, v WILLIAM VASQUEZ et al., Respondents. [940 NYS2d 249]—

Order, Supreme Court, Bronx County (John A. Barone, J.), entered September 19, 2011, which denied plaintiff's motion for partial summary judgment on the issue of liability, unanimously reversed, on the law, without costs, the motion granted, and the matter remanded for further proceedings.

Plaintiff made a prima facie showing of entitlement to judgment as a matter of law as to liability by submitting his affidavit stating that, while his vehicle was stopped at a red light, it was struck in the rear by a vehicle operated by defendant Guzman-Sosa and owned by defendant Vasquez (*Avant v Cepin Livery Corp.*, 74 AD3d 533, 534 [2010]).

In opposition, defendants failed to provide a nonnegligent explanation for the collision (*Avant*, 74 AD3d at 534; *cf. Ebanks v Triboro Coach Corp.*, 304 AD2d 406 [2003]). The uncertified police accident report submitted by defendants constitutes hearsay and, in any event, does not support Guzman-Sosa's account of the accident (*see Rivera v GT Acquisition 1 Corp.*, 72 AD3d 525, 526 [2010]).

Contrary to the motion court's finding, depositions are not needed, since Guzman-Sosa had personal knowledge of the facts (*see Avant*, 74 AD3d at 534). Concur—Mazzarelli, J.P., Friedman, Richter and Abdus-Salaam, JJ.