Coke-Holmes v Holsey Holdings, LLC (2020 NY Slip Op 07537)





Coke-Holmes v Holsey Holdings, LLC


2020 NY Slip Op 07537


Decided on December 16, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 16, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
JEFFREY A. COHEN
HECTOR D. LASALLE
ANGELA G. IANNACCI, JJ.


2018-12053
 (Index No. 9667/13)

[*1]Loraine Coke-Holmes, et al., respondents,
v
Holsey Holdings, LLC, appellant, et al., defendant.


Berg & David PLLC, Brooklyn, NY (Abraham David and Sholom Wohlgelernter of counsel), for appellant.
Alter & Barbaro, Brooklyn, NY (Bernard M. Alter of counsel), for respondents.



DECISION & ORDER
In an action, inter alia, for declaratory relief and to impose a constructive trust upon certain real property, the defendant Holsey Holdings, LLC, appeals from an order of the Supreme Court, Kings County (Larry D. Martin, J.), dated July 3, 2018. The order, insofar as appealed from, granted that branch of the plaintiffs' motion which was, in effect, for leave to reargue their opposition to the prior cross motion of the defendant Holsey Holdings, LLC, for summary judgment with respect to the first and second causes of action and dismissing the third cause of action insofar as asserted against it and to cancel the notice of pendency, which had been granted in an order of the same court dated September 13, 2017, and, upon reargument, vacated that portion of the order dated September 13, 2017, and thereupon, denied that defendant's prior cross motion.
ORDERED that the order dated July 3, 2018, is affirmed insofar as appealed from, with costs.
The plaintiffs commenced this action on or about May 22, 2013, alleging, among other things, that on March 8, 2007, the plaintiff Loraine Coke-Holmes (hereinafter Holmes) transferred certain premises to the defendant Juliet Campbell with the understanding that Campbell would reconvey the premises back to Holmes at a later date. However, Campbell conveyed the premises to the defendant Holsey Holdings, LLC (hereinafter Holsey Holdings). The complaint asserted eight causes of action. In the first cause of action, the plaintiffs asserted that Holmes was entitled to a judgment declaring that the conveyance of the premises from Holmes to Campbell was void. In the second cause of action, the plaintiffs asserted that Holmes was entitled to a judgment declaring that the subsequent conveyance of the premises from Campbell to Holsey Holdings was void and that Holmes was the rightful owner of the premises. In the third cause of action, the plaintiffs sought the imposition of a constructive trust upon the premises. By order dated March 9, 2015, the Supreme Court directed dismissal of the fourth, fifth, sixth, seventh, and eighth causes of action for failure to state a cause of action.
By order dated September 13, 2017, the Supreme Court, inter alia, granted Campbell's motion for summary judgment with respect to the first and second causes of action and dismissing the third cause of action insofar as asserted against her, and also granted the cross motion [*2]of Holsey Holdings for summary judgment with respect to the first and second causes of action and dismissing the third cause of action insofar as asserted against it and to cancel the notice of pendency. In an order dated July 3, 2018, the court, among other things, granted the plaintiffs' motion, denominated as one for leave to renew, to the extent of granting the plaintiffs leave to reargue their opposition to Campbell's prior motion and the prior cross motion of Holsey Holdings and, upon reargument, vacated the order dated September 13, 2017, denied Campbell's prior motion and the prior cross motion of Holsey Holdings, and restored the notice of pendency. Holsey Holdings appeals from so much of the order dated July 3, 2018, as granted the plaintiffs leave to reargue their opposition to its cross motion, and upon reargument, denied its cross motion.
The courts are not bound by the label appended to the motion by a party, and can designate a motion for renewal as one for reargument if it presents neither new facts nor a change in the law (see Matter of Jenkins v Astorino, 155 AD3d 733, 735; Matter of Goliger, 72 AD3d 966, 968). Here, the plaintiffs' motion, denominated as one for leave to renew their opposition, inter alia, to the cross motion of Holsey Holdings, was not based upon new facts which were not known to the plaintiffs at the time of the original cross motion, and was, in effect, based on the plaintiffs' assertion that the Supreme Court misapprehended the facts and the law in its prior determination. Accordingly, the motion, denominated as one for leave to renew, in actuality was a motion for leave to reargue, and the court properly treated it as such (see CPLR 2221[d], [e]; DeLeon v J & J Towing, Inc., 32 AD3d 986, 987; Allen v Potruch, 282 AD2d 484, 485).
Although a motion for leave to reargue is not designed to provide an unsuccessful party with successive opportunities to present arguments different from those originally presented (see Amato v Lord & Taylor, Inc., 10 AD3d 374, 375), motions for reargument are addressed to the sound discretion of the court, and may be granted upon a showing that the court overlooked or misapprehended the facts or law or for some reason mistakenly arrived at its earlier decision (see Vanderbilt Brookland, LLC v Vanderbilt Myrtle, Inc., 147 AD3d 1106, 1108; Carrillo v PM Realty Group, 16 AD3d 611, 611). Here, the Supreme Court providently exercised its discretion in granting reargument of the plaintiffs' opposition to the cross motion of Holsey Holdings, as the plaintiffs established that in determining the cross motion, the court overlooked or misapprehended certain matters of fact and law (see CPLR 2221[d]; Deutsche Bank Natl. Trust Co. v Russo, 170 AD3d 952, 953; Vanderbilt Brookland, LLC v Vanderbilt Myrtle, Inc., 147 AD3d at 1109).
Further, we agree with the Supreme Court's determination, upon reargument, denying the prior cross motion of Holsey Holdings for summary judgment with respect to the first and second causes of action and dismissing the third cause of action insofar as asserted against it and to cancel the notice of pendency. To the extent that Holsey Holdings established its prima facie entitlement to judgment as a matter of law, the plaintiffs, in opposition, raised triable issues of fact with regard to whether Holsey Holdings held a valid deed and whether it was a bona fide purchaser by submitting a prior order dated July 21, 2016, in an action entitled Holsey Holdings, LLC v Nationstar Mortgage, LLC, commenced in the Supreme Court, Kings County, under Index No. 510638/14, wherein the court determined that the original deed between Campbell and Holsey Holdings, dated January 24, 2013, was void, due to Campbell's then-pending bankruptcy proceeding. As pointed out in the plaintiffs' motion, in effect, to reargue, a subsequent deed executed May 18, 2015, failed to establish, as a matter of law, that the conveyance between Campbell and Holsey Holdings was valid and whether Holsey Holdings was a bona fide purchaser, as that deed was back-dated and executed after Holsey Holdings was served with the notice of pendency in this action (see Real Property Law § 266). Moreover, upon reargument, we agree with the court's determination that triable issues of fact as to whether the plaintiffs are entitled to the imposition of a constructive trust (see generally Sharp v Kosmalski, 40 NY2d 119, 121; Broderson v Parsons, 106 AD3d 677, 679) and whether the plaintiffs are equitably estopped from contesting the transfer of the premises also precluded an award of summary judgment (see Zuckerman v City of New York, 49 NY2d 557, 562).
CHAMBERS, J.P., COHEN, LASALLE and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court