Betances v DJB Intl. Ltd (2022 NY Slip Op 06160)

Betances v DJB Intl. Ltd

2022 NY Slip Op 06160

Decided on November 03, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: November 03, 2022

Before: Acosta, P.J., Kapnick, Mazzarelli, González, Rodriguez, JJ. 

Index No. 306353/14E Appeal No. 16614 Case No. 2022-00313 

[*1]Israel Betances et al., Plaintiffs-Appellants, Luz Acevedo, Plaintiff,
v
DJB International Ltd, et al., Defendants-Respondents, Ricky D. Matiasdilone et al., Defendants.

William Schwitzer & Associates, P.C., New York (Travis Wong of counsel), for appellants.
Sobel Pevzner, LLC, Huntington (Aaron C. Gross of counsel), for DJB International Ltd and Don C. Powell, Jr., respondents.
Marjorie E. Bornes, Brooklyn, for Slater Transport Inc. and Marcial Duarte, respondents.

Order, Supreme Court, Bronx County (Bianka Perez, J.), entered September 28, 2021, which granted defendants Don C. Powell, Jr. and DJB International Ltd.'s (together, Powell defendants) motion for summary judgment dismissing the complaint and all cross claims against them, unanimously affirmed, without costs.
The court correctly concluded that the Powell defendants sustained their initial burden of demonstrating that defendant Jose D. Leonor's negligence was a proximate cause of the three-car rear-end collision because he failed to maintain a safe following distance in violation of Vehicle and Traffic Law § 1129(a). Powell's car, the lead vehicle, was hit in the rear by a car operated by defendant Marcial Duarte and owned by defendant Slater Transport Inc. (together, Duarte defendants), after Duarte's car was hit in the rear by Leonor's car.
Plaintiffs and the Duarte defendants did not raise an issue of fact in that they failed to provide a nonnegligent explanation for the accident (see Santana v Danco Inc., 115 AD3d 560 [1st Dept 2014]; Santana v Tic-Tak Limo Corp., 106 AD3d 572, 573-574 [1st Dept 2013]). If the testimony of plaintiffs and Duarte that Powell's car suddenly cut off Duarte's car is accepted as true, the accident would not have occurred if Leonor's car had maintained a safe following distance as required by Vehicle and Traffic Law § 1129(a). With a safe following distance, Leonor's car would have been able to stop in the heavy traffic before colliding with the rear of Duarte's car and would not have pushed Duarte's car into Powell's car. There was no dispute as to the sequence of the collisions and the fact that each car sustained only one impact. Any violation of Vehicle and Traffic Law § 1128(a)by Powell in improperly changing lanes in front of Duarte's vehicle was not a proximate cause of the collision. It was undisputed that the contact between Powell's car and Duarte's car took place after the collision between Leonor's car and Duarte's car, when Duarte's car was pushed into the rear of Powell's car (see Giap v Hathi Son Pham, 159 AD3d 484, 485 [1st Dept 2018]).
The Duarte defendants have asked this Court to search the record and grant them summary judgment. However, they failed to raise this issue or seek this relief before the motion court, and we decline to grant that relief in this context.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 3, 2022