Wilson v City of New York (2023 NY Slip Op 05672)

Wilson v City of New York

2023 NY Slip Op 05672

Decided on November 09, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: November 09, 2023

Before: Webber, J.P., Friedman, González, Kennedy, O'Neill Levy, JJ. 

Index No. 804549/21 Appeal No. 985 Case No. 2023-02100 

[*1]Milton Anthony Wilson, Plaintiff-Respondent,
v
City of New York et al., Defendants-Respondents, Pascal Kafando, Defendant-Appellant, Rasier-NY, LLC. et al., Defendants.

Marjorie E. Bornes, Brooklyn, for appellant.
Gregory Spektor & Associates, P.C., Rosedale (Michael M. Szechter of counsel), for Milton Anthony Wilson, respondent.
Sylvia O. Hinds-Radix, Corporation Counsel, New York (Jeremy Pepper of counsel), for City of New York, Fire Department of the City of New York, and Israel Carrasquillo, respondents.

Order, Supreme Court, Bronx County (Mitchell J. Danziger, J.), entered December 20, 2022, which denied defendant Pascal Kafando's motion for summary judgment dismissing the complaint and cross-claims against him, unanimously reversed, on the law, without costs, and the motion granted.
Plaintiff alleges as a result of defendants' negligence he was injured when the vehicle in which he was a passenger and driven by defendant Kafando, an Uber driver, was struck in the rear by an ambulance owned by the City defendants and driven by defendant Israel Carrasquillo. Defendant Kafando demonstrated prima facie entitlement to summary judgment by submitting his affidavit averring that his vehicle was approaching a red light when it was struck in the rear by the ambulance, which established both the ambulance driver's negligence and Kafando's own lack of fault (see Reyes v Gropper, 212 AD3d 565, 565 [1st Dept 2023]; Miller v DeSouza, 165 AD3d 550 [1st Dept 2018]). Kafando's motion was also supported by a certified police accident report containing Carrasquillo's out-of-court statement, which may be admitted as a party admission or a declaration against interest (see Yassin v Blackman, 188 AD3d 62, 65 [2d Dept 2020]).
In opposition, neither plaintiff, the City, nor Carrasquillo offered any evidence of Kafando's negligence sufficient to raise a triable issue of fact (see Matias v Grose, 123 AD3d 485, 486 [1st Dept 2014]). The City's submission of plaintiff's 50-h hearing testimony, in which he stated that he believed Kafando's vehicle was stopped or stopping at a red light before it was rear-ended, does not raise a triable issue of fact as to whether Kafando was at fault (see Betances v DJB Intl. Ltd., 210 AD3d 420, 420-421 [1st Dept 2022]).
Kafando's summary judgment motion was not premature since the parties opposing the motion failed to identify any evidence in Kafando's possession that would support a nonnegligent cause for the rear-end collision. Further, both plaintiff and Carrasquillo had knowledge of the relevant facts (see Mirza v Tribeca Auto. Inc., 189 AD3d 448 [1st Dept 2020]; Avant v Cepin Livery Corp., 74 AD3d 533, 534 [1st Dept 2010]). Accordingly, Kafando is entitled to summary judgment dismissing the complaint
and all cross-claims against him (see Francisco v Schoepfer, 30 AD3d 275, 275 [1st Dept 2006]; Woodley v Ramirez, 25 AD3d 451, 452 [1st Dept 2006]).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 9, 2023