Ortiz v Eldert 294, LLC (2024 NY Slip Op 00429)

Ortiz v Eldert 294, LLC

2024 NY Slip Op 00429

Decided on January 31, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 31, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
WILLIAM G. FORD
BARRY E. WARHIT
LAURENCE L. LOVE, JJ.

2021-06184
 (Index No. 526156/18)

[*1]Julian Ortiz, respondent, 
v
Eldert 294, LLC, appellant.

Menashe & Lapa LLP, Montebello, NY (Chezki Menashe of counsel), for appellant.

DECISION & ORDER
In an action, inter alia, pursuant to RPAPL article 15 to quiet title to real property, the defendant appeals from an order of the Supreme Court, Kings County (Lillian Wan, J.), dated July 21, 2021. The order, insofar as appealed from, denied those branches of the defendant's motion which were to dismiss the complaint and for summary judgment dismissing the first cause of action.
ORDERED that the order is affirmed insofar as appealed from, without costs or disbursements.
In December 2018, the plaintiff commenced this action, inter alia, pursuant to RPAPL article 15 to quiet title to real property located in Brooklyn (hereinafter the property) and for a judgment declaring that the plaintiff is the fee owner of the property and that a deed conveying title of the property by the plaintiff to the defendant is null and void. Thereafter, the defendant moved, among other things, to dismiss the complaint and for summary judgment dismissing the first cause of action, which sought to quiet title to the property and a declaratory judgment. By order dated July 21, 2021, the Supreme Court, inter alia, denied those branches of the defendant's motion. The defendant appeals.
"To obtain summary judgment in an action to quiet title pursuant to RPAPL article 15, 'the movant must establish, prima facie, that it holds title, or that the nonmovant's title claim is without merit'" (1259 Lincoln Place Corp. v Bank of N.Y., 159 AD3d 1004, 1005, quoting White Sands Motel Holding Corp. v Trustees of Freeholders & Commonalty of Town of E. Hampton, 142 AD3d 1073, 1074). Here, although the defendant met its prima facie burden by submitting, inter alia, a duly executed and acknowledged deed, which was evidence that the plaintiff conveyed his ownership interest in the property to the defendant, and an affidavit of the defendant's principal explaining the circumstances surrounding how the defendant obtained the deed to the property (see 702 DeKalb Residence, LLC v SSLiberty, Inc., 209 AD3d 937, 938; Moffett v Gerardi, 75 AD3d 496, 498; Beshara v Beshara, 51 AD3d 837, 838-839), in opposition, the plaintiff raised a triable issue of fact related to the validity of that deed (see Coke-Holmes v Holsey Holdings, LLC, 189 AD3d 1162, 1164; First Natl. Bank of Nev. v Williams, 74 AD3d 740, 741).
The defendant's remaining contention is without merit.
DUFFY, J.P., FORD, WARHIT and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court