Gilchrest v Packer (2025 NY Slip Op 51535(U))

[*1]

Gilchrest v Packer

2025 NY Slip Op 51535(U)

Decided on September 25, 2025

Supreme Court, Westchester County

Jamieson, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on September 25, 2025
Supreme Court, Westchester County

Judy K. Gilchrest, Plaintiff,

against
Steven P. Packer and DREW B. PACKER, Defendants.

Index No. 66075/2024

Grant & Longworth, LLP
Attorneys for Plaintiff
377 Ashford Avenue
Dobbs Ferry, New York 10522
Law Office of Annemarie F. Dempsey
Attorneys for Defendants
P.O. Box 2903
Hartford, CT 06104-2904

Linda S. Jamieson, J.

The following papers numbered 1 to 4 were read on this motion:
Papers        
Numbered
Notice of Motion, Affirmation and Exhibits 1
Memorandum of Law 2
Affirmation in Opposition 3
Affirmation and Exhibit in Reply 4
Plaintiff brings her motion seeking partial summary judgment on liability and to dismiss defendants' affirmative defense of comparative negligence. The facts that are not in dispute are as follows. Plaintiff was driving southbound in Briarcliff Manor at approximately 6:30 p.m. in [*2]January 2024 when she began to make a right turn into a driveway. Defendant Drew Packer, driving the car of defendant Steven Packer, his father, hit plaintiff in the rear.
At his deposition, defendant testified that he was approximately two car lengths behind plaintiff, going about 20-30 miles per hour at the time of the impact. Defendant testified that plaintiff was also going about 20-30 miles per hour at the time that she made her turn. Defendant also testified that he did not see plaintiff's brake lights go on as she made the turn. He further testified that he did not see plaintiff turn on her signal lights until after the impact. In contrast, plaintiff testified that she signaled before making her turn. Plaintiff also testified at her deposition that she "tapped" her brakes before turning.
In the certified police report, the police officer states that at the scene, defendant reported that plaintiff "slowed abruptly to make a right" turn, and that he "did not see" plaintiff "slowing in time causing him to strike the rear" of plaintiff's car. The officer also wrote that plaintiff reported that she had both slowed and signaled.
As the Second Department has explained, the "driver of a vehicle approaching another vehicle from the rear is required to maintain a reasonably safe distance and rate of speed under the prevailing conditions to avoid colliding with the other vehicle. A rear-end collision with a stopped or stopping vehicle establishes a prima facie case of negligence on the part of the operator of the rear vehicle, thereby requiring that operator to rebut the inference of negligence by providing a nonnegligent explanation for the collision." Diamond v. Comins, 194 AD3d 784, 784—85, 148 N.Y.S.3d 492, 494 (2d Dept. 2021). From defendant's deposition testimony and the statements that he made to the police officer, as set forth in the certified police report,[FN1]
it appears that defendant was following plaintiff too closely to be able to avoid hitting her — since he did not even see her brake lights illuminate when she admittedly slowed down. The Court thus grants the motion as to liability.
As for the motion to dismiss the comparative negligence defense, "the issue of a plaintiff's comparative negligence may be decided in the context of a summary judgment motion where, as here, the plaintiff seeks summary judgment dismissing an affirmative defense alleging comparative negligence." Id. In this case, defendant offers nothing to rebut plaintiff's prima facie showing that the only negligent party was defendant, who did not see plaintiff's brake lights before plaintiff made her right turn. In opposition, all that defendants' counsel states in her affirmation is that "One issue at [sic] dispute is the fact that the defendant Drew Packer testified that prior to impacting the plaintiff, he observed plaintiff traveling ahead of him and then abruptly changed her direction before the impact occurred. Plaintiff, on the other hand, claims to have turned on her signal before turning into the driveway. This is a fundamental difference of fact that plays directly into the culpability of plaintiff in causing, or at the very least, comparatively contributing to the accident. This difference cannot be reconciled and plays into the culpability of the parties in the events of this accident." This ignores the statements that defendant made to the police officer that plaintiff "slowed abruptly" and that he did not "see [plaintiff] slowing in time causing him to strike the rear" of her car.
Accordingly, the Court dismisses the defense of comparative negligence. The motion is granted in its entirety. 
The foregoing constitutes the decision and order of the Court.
Dated: September 25, 2025
White Plains, New York
HON. LINDA S. JAMIESON
Justice of the Supreme Court

Footnotes

Footnote 1:Defendant contends that the certified police report is inadmissible. However, the law says otherwise. See, e.g., Wilson v. City of New York, 221 AD3d 438, 439, 199 N.Y.S.3d 477, 478 (1st Dept. 2023) ("a certified police accident report containing [a party's] out-of-court statement [] may be admitted as a party admission or a declaration against interest").