Gamble v MTA Bus Co. (2025 NY Slip Op 05767)

Gamble v MTA Bus Co.

2025 NY Slip Op 05767

Decided on October 21, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 21, 2025

Before: Webber, J.P., Friedman, Kapnick, Shulman, Hagler, JJ.

Index No. 801074/24|Appeal No. 4998|Case No. 2025-00918|

[*1]Odell Gamble, Plaintiff-Appellant,

v

MTA Bus Company et al., Defendants-Respondents.

Law Office of Judah Z. Cohen, PLLC, Woodmere (Judah Z. Cohen of counsel), for appellant.

Anna J. Ervolina, Metropolitan Transportation Authority, Brooklyn (Theresa A. Frame of counsel), for respondents.

Order, Supreme Court, Bronx County (Ben R. Barbato, J.), entered on or about February 7, 2025, which denied plaintiff's motion for summary judgment on the issue of liability and for dismissal of the affirmative defense of culpable conduct, unanimously modified, on the law, to grant so much of plaintiff's motion as sought summary judgment as against defendants MTA Bus Company, New York City Transit Authority (together, the transit defendants), and Jose E. Hernandez, and to dismiss the affirmative defense of culpable conduct, and otherwise affirmed, without costs.

Plaintiff alleged that while she was a passenger on an MTA bus driven by Hernandez, the bus rear-ended another MTA bus that was stopped at a red light, causing her to sustain injuries. A rear-end collision with a stopped vehicle establishes a prima facie case of negligence by the driver of the rear vehicle (Reyes v Gropper, 212 AD3d 565, 565 [1st Dept 2023]).

Plaintiff established her entitlement to summary judgment as against the transit defendants and Hernandez by submitting the certified police report, which explained how the collision occurred and contained an admission by Hernandez that his foot became stuck between the pedals and he was looking down immediately before the accident, along with plaintiff's affidavit corroborating the report (see Reyes, 212 AD3d at 565; Santana v Danco Inc., 115 AD3d 560, 560 [1st Dept 2014]). Under the language of CPLR 4518(c), the certified police report was admissible in evidence and constituted "prima facie evidence of the facts contained" in the report (see Krohn v Reyes, 231 AD3d 621, 622 [1st Dept 2024]; Wilson v City of New York, 221 AD3d 438, 439 [1st Dept 2023]). We reject defendants' assertion that CPLR 4518(c) applies only to records obtained through a subpoena duces tecum issued under CPLR 2307. In opposition, defendants failed to provide a nonnegligent explanation for the collision (Reyes, 212 AD3d at 565; Cabrera v Rodriguez, 72 AD3d 553, 553 [1st Dept 2010]).

That plaintiff moved for summary judgment before any discovery had taken place is of no moment. Defendants had all the relevant information as to their actions before and during the collision, as well as access to the evidence that plaintiff had proffered, yet did not submit any evidence in response to plaintiff's prima facie showing of negligence (see Deleon v Cao, 237 AD3d 608, 609 [1st Dept 2025]; Stephenson v New York City Tr. Auth., 226 AD3d 546, 546-547 [1st Dept 2024]).

Because the record does not contain any evidence of culpable conduct by plaintiff, Supreme Court should have dismissed this affirmative defense (Stephenson, 226 AD3d at 547).

Finally, in light of the fact that defendant Jason Pierre-Alfred was operating the lead bus, summary judgment is not appropriate as against him.

THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.

ENTERED: October 21, 2025