Taliento v Taliento (2026 NY Slip Op 01083)

Taliento v Taliento

2026 NY Slip Op 01083

Decided on February 25, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 25, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
DEBORAH A. DOWLING
CARL J. LANDICINO
LAURENCE L. LOVE, JJ.

2023-08293
 (Index No. 50707/18)

[*1]Michael Taliento, respondent,
vSabrina Taliento, appellant.

Robert J. Fileccia, Staten Island, NY, for appellant.
Lisa Giovinazzo, Staten Island, NY (Michael J. Kuharski of counsel), for respondent.

DECISION & ORDER
In a matrimonial action in which the parties were divorced by judgment dated February 24, 2020, the defendant appeals from an order of the Supreme Court, Richmond County (Dennis L. Owens, Ct. Atty. Ref.), dated July 12, 2023. The order, insofar as appealed from, denied that branch of the defendant's motion which was to vacate a prior order of the same court dated June 2, 2022.
ORDERED that the order dated July 12, 2023, is affirmed insofar as appealed from, with costs.
The parties were divorced by judgment of divorce dated February 24, 2020. The judgment of divorce incorporated, but did not merge, a stipulation of settlement dated June 13, 2019, which included a provision allowing the plaintiff to purchase the defendant's interest in the marital residence before a certain date (hereinafter the right of first refusal provision).
In August 2021, the plaintiff moved, inter alia, to enforce the right of first refusal provision (hereinafter the original motion). The defendant did not oppose the original motion. In an order dated November 22, 2021 (hereinafter the 2021 order), the Supreme Court, among other things, denied that branch of the original motion with leave to renew.
Thereafter, the plaintiff moved, inter alia, "for leave to renew" that branch of the original motion which was to enforce the right of first refusal provision and for additional relief not sought in the original motion (hereinafter the subsequent motion). In an order dated June 2, 2022 (hereinafter the 2022 order), the Supreme Court, among other things, in effect, granted that branch of the subsequent motion which was to enforce the right of first refusal provision.
The defendant then moved, inter alia, to vacate the 2021 order and the 2022 order on the ground that she was not properly served with the original motion. In an order dated July 12, 2023, the Supreme Court, after a hearing, among other things, granted that branch of the defendant's motion which was to vacate the 2021 order but denied that branch of the motion which was to vacate the 2022 order. The defendant appeals.
Pursuant to CPLR 5015(a)(5), "[t]he court which rendered a judgment or order may relieve a party from it upon such terms as may be just," including "upon the ground of . . . reversal, [*2]modification or vacatur of a prior judgment or order upon which it is based." Here, the parties do not dispute that the Supreme Court properly vacated the 2021 order in its entirety based on its finding that the plaintiff had failed to establish proper service of the original motion (see Crown Waterproofing, Inc. v Tadco Constr. Corp., 99 AD3d 964, 965). However, contrary to the defendant's contention, vacatur of the 2021 order addressing the original motion does not require vacatur of the 2022 order addressing the subsequent motion.
Although the plaintiff styled the subsequent motion as one for leave to renew the original motion, "[i]t does not matter how a motion is titled by an attorney. What matters is what the motion actually is in substance" (Citibank, N.A. v Kerszko, 203 AD3d 42, 55). "The courts are not bound by the label appended to the motion by a party, and can designate a motion for renewal as one for reargument if it presents neither new facts nor a change in the law" (Coke-Holmes v Holsey Holdings, LLC, 189 AD3d 1162, 1163). The subsequent motion was not a motion for renewal or reargument, irrespective of the label placed on the motion by the plaintiff. Inasmuch as the Supreme Court lacked jurisdiction over the original motion, the subsequent motion was a new motion that sought similar relief to that which was sought in the original motion, in addition to further relief that was not sought in the original motion. It is undisputed that the defendant was properly served with and had notice of the subsequent motion, which adequately set forth the grounds for relief without reference to the original motion. The court properly addressed the merits of that motion in the 2022 order, and, as such, the defendant has provided no basis to vacate the 2022 order.
Accordingly, the Supreme Court properly denied that branch of the defendant's motion which was to vacate the 2022 order.
DILLON, J.P., DOWLING, LANDICINO and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court