Kinsey v Almazan (2026 NY Slip Op 01405)

Kinsey v Almazan

2026 NY Slip Op 01405

Decided on March 12, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 12, 2026

Before: Webber, J.P., Kapnick, Gesmer, Shulman, Michael, JJ. 

Index No. 800526/23|Appeal No. 5867|Case No. 2024-06929|

[*1]Damien Kinsey, Plaintiff-Appellant-Respondent,
vAugustina Almazan et al. etc., Defendants-Respondents, Associated Funeral Services Corporation, Defendant-Respondent-Appellant.

Sobo & Sobo, LLP, Middletown (Mark P. Cambareri of counsel), for appellant-respondent.
Gordon Rees Scully Mansukhani LLP, New York (Joseph Salvo of counsel), for respondent-appellant.
Law Office of Proietto, Peek and Elliott, Melville (Leonard Romano of counsel), for respondent.

Order, Supreme Court, Bronx County (Bianka Perez, J.), entered October 29, 2024, which, to the extent appealed from as limited by the briefs, denied plaintiff's summary judgment motion in part and granted it in part to deny summary judgment on liability and grant plaintiff's request for an order finding that he had no culpability or liability in the alleged motor vehicle accident, and sua sponte dismissed defendants' affirmative defenses of comparative negligence and culpable conduct, unanimously affirmed, without costs.
This case involves a three-car collision on the Saw Mill River Parkway. According to the relevant allegations, Adolph Cintron, deceased driver of a vehicle owned by defendant Associated Funeral Service Corporation collided with a divider, flipped over it, landed on a vehicle driven by decedent Noe Perez Procopio (Perez) in the opposite lane of travel. Associated's vehicle then allegedly collided with plaintiff's vehicle. Supreme Court properly denied plaintiff's motion for summary judgment on liability. On his motion, plaintiff submitted a certified police report, and although the statements in the report were inadmissible hearsay because the sources of the information were unknown, the police report nonetheless provides a basis for further discovery (see CPLR 3212 [f]; Wilson v City of New York, 221 AD3d 438, 439 [1st Dept 2023]). According to the report, Cintron lost consciousness. If it is shown that Cintron, did, in fact, suffer an unforeseen medical emergency, then he cannot be held liable for negligence (see Rivera v New York City Tr. Auth., 54 AD3d 545, 548-549 [1st Dept 2008]). We agree with the court that plaintiff's affidavit and the police report raised issues of fact about whether the accident constituted an emergency for Perez and whether Cintron lost consciousness.
For the same reasons, we deny the request of defendants Augustina Almazan and David Gonzalez, as co-administrators of Perez' estate, that we search the record and grant them summary judgment against Associated.
Supreme Court properly held that plaintiff established prima facie that he did not bear any comparative negligence by demonstrating that he was not at fault in the happening of the accident. Plaintiff averred in an affidavit that defendants' vehicles "were propelled into [his] vehicle" and "pushed [him] off of the roadway." The police report stated that plaintiff swerved off the road to avoid colliding with the other vehicles.
In opposition, defendants failed to raise an issue of fact and relied on the speculative assertation that plaintiff had sufficient "stopping distance." 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 12, 2026